Krueger, an infant, etc., vs. Bronson and others.

CONTRIBUTORY NEGLIGENCE.   *Slight negligence of plaintiff will not defeat action.*

In an action for injury to the person from the negligent driving of a horse and wagon, the jury found specially that defendants were chargeable with a want of ordinary care, and answered negatively the question whether the injury to the plaintiff (an infant) occurred "without fault or negligence on her part, contributing thereto." *Held*, that the court did not err in granting a new trial, instead of awarding judgment for defendants on this verdict; because it fails to show whether the plaintiff was guilty merely of "slight negligence" (i. e. a want of extraordinary care), or of a want of ordinary care, which alone would defeat her recovery. *Griffin v. Town of Willow*, 43 Wis., 509, and other cases in this court.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice COLE:

"This is an appeal by the defendants from an order setting aside a special verdict and granting a new trial. Both parties moved for judgment on the special verdict. Both parties excepted to the ruling of the court denying their respective motions; but the defendants alone appealed from the order setting aside the verdict and directing a new trial. The action was brought by the infant plaintiff to recover damages for personal injuries alleged to have been sustained by her in consequence of the careless driving of a horse and wagon, loaded with lumber, by the defendant *Bailey*, who was at the time in the employ of the other defendants. The jury found, in answer to questions submitted, that the infant plaintiff was five years of age when injured; that she was injured by con-

tact with the wagon while the same was in charge of *Bailey* in the course of his employment; that *Bailey* was not at the time in the exercise of ordinary care and diligence in the use and management of the horse and wagon, which the age of the infant and the circumstances of the case required, but could have avoided the injury by the exercise of such care and diligence; and further, that the injury to the infant did not occur without fault or negligence on her part contributing thereto."

The cause was submitted on the brief of *Murphey & Goodwin* for the appellant, and that of *J. V. V. Platto* for the respondent.

COLE, J. As this is an appeal by the defendants alone, we can only consider whether they were entitled to judgment upon the facts found by the jury. Their learned counsel insist that they were; for, while the jury found that the injury was occasioned by the negligence of *Bailey*, it is said they also found that such injury did not occur without fault or negligence on the part of the infant contributing thereto. It is said the rule is, that there can be no recovery unless these two conditions occur: to wit, negligence of the defendants, and freedom of the plaintiff from contributory fault. Upon applying this rule, however, to the special verdict, it is impossible to say whether the jury meant that the infant was guilty of slight negligence or want of extraordinary care, or slight want of ordinary care. If it was the former, it is the well settled law of this court that there might be a recovery. Says the chief justice, in *Griffin et ux. v. The Town of Willow*, 43 Wis., 512: "Slight negligence is not slight want of ordinary care contributing to the injury, which would defeat an action for negligence. 'Slight negligence is defined to be only an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use.' And such want of extraordinary care on the part of the person injured will not defeat an action for negligence." See also *Prideaux and wife v. The City of Mineral Point*, id.,

513, where the same rule is laid down in substantially the same language, and the authorities cited, on page 525. Now, owing to this defect or want of certainty in the verdict, judgment could not properly be entered upon it for either party. For it well might be that the jury merely intended to find the infant guilty of slight negligence only, or, in other words, that she had not used extraordinary care and prudence to avoid the injury. In that event, the defendant's motion for judgment on the special verdict was properly denied. On the other hand, the jury might have intended, by their answer to the seventh interrogatory, to find that the injury to the infant did not occur without a slight want of ordinary care on her part contributing to the injury. By either construction, no violence is done to the seventh finding. We think, therefore, the court below was right in denying both motions for judgment on the verdict, and directing a new trial.

*By the Court.* — The order of the county court is affirmed.

Ryan, C. J., took no part.