## STEVENS VS. MILLARD.

CONTRACT: VENDOR AND PURCHASER. *Contract of sale of land construed.*

By the terms of a contract for the sale and purchase of land, the vendee was empowered to terminate the contract at any time before the second installment became due, forfeiting the sum already paid. Subsequently he assigned his interest in said contract and in the land to a third party, who took and retains possession of the land under the contract. *Held,* that the vendee, by putting it out of his power to surrender or cancel the written instrument, or to restore to the vendor the possession of the land, abandoned the right to terminate the contract, and remains liable in an action thereon by the vendor.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover the amount due on a land contract. The

complaint sets forth the contract in full. By its terms, *Millard*, on the 11th of October, 1869, agreed to pay *Stevens* $7,000 in the manner following: "——— dollars at the ensealing and delivery of the contract; one thousand April 1, 1871; one thousand April 1, 1872; one thousand April 1, 1873; one thousand April 1, 1874; one thousand April 1, 1875; one thousand April 1, 1876; one thousand April 1, 1877; with interest at ten per cent. annually; the above may be paid on or before April 1, 1877." He also agreed to pay all taxes on the premises therein described; to hold the said premises, from the date of the contract, as tenant at sufferance of *Stevens*, subject to be removed as his tenant holding over, by process under the statute, whenever default should be made in the payment of any of the installments of purchase money above specified; and to keep the buildings, etc., in good repair. *Stevens*, on his part, agreed, on the payment of $7,000 and interest, as above stated, to execute and deliver to *Millard*, on demand, a sufficient deed of said premises; and it was further provided, that if *Millard* should fail to make any of the payments of purchase money at the time and in the manner above specified, the agreement should be thenceforth " utterly void, and all payments thereon forfeited, subject to be revived and renewed by the act of the party of the first part [*Stevens*], or the mutual agreement of both parties."

The complaint avers, that defendant went into possession of the premises, and while in possession permitted a public highway to be laid out through the same, and received a considerable sum of money therefor, and that said premises were thereby greatly damaged; that since October 11, 1869, they have greatly depreciated in value; and that defendant, without plaintiff's consent, sold said premises to a third party, who is now in possession. It further alleges, that a mistake occurred in drafting said contract, and that it was the true intent and agreement that defendant should pay to plaintiff $7,000 in the following manner: "one thousand April 1, 1871; one

thousand April 1, 1872; one thousand April 1, 1873; one thousand April 1, 1874; one thousand April 1, 1875; one thousand April 1, 1876; one thousand April 1, 1877, with interest at ten per cent.; said interest payable annually; the above payments may be made at any time before, and at the option of the party of the second part;" that according to the actual agreement between the parties, the sum of $1,000 became due April 1, 187-, and the same had not been paid.

As a separate cause of action, the plaintiff claimed as due upon such contract the interest on $7,000 from October 1, 1869, at the rate of ten per cent., and alleged that he elected to revive and renew said contract, and that he had given the defendant notice of such election, and had demanded the sums due thereon, but defendant had refused to pay the same, and that the plaintiff was ready to comply with the terms of such contract.

The answer admitted the making of a contract, but alleged that a mistake occurred in the wording of the same, in that it was agreed between the parties that the defendant should pay $1,000 down upon the making of such contract, which should be forfeit money, and for the use of the place, in full for all damages, demands and claims growing out of said contract, in case the defendant should choose, when the first payment became due, not to pay any further sum than the $1,000, and that in that case the contract should be at an end, and neither have any claim against the other. It further alleged that said $1,000 was paid to the plaintiff at the date of said contract, and the defendant had always supposed that such agreement was stated in the said contract; and it asked for a reformation of the same. It further denied that the interest was to be paid in any other manner than was expressed in said contract, and denied that defendant had permitted a highway to be laid out as charged in the complaint; and alleged, among other things, that when the contract was made, the defendant paid the plaintiff $1,000, with the agreement that if any of

the other payments should not be paid when due, said contract was to become utterly void, and could only be renewed by another arrangement; that on June 27, 1870, and before this suit was commenced, defendant had assigned his interest in said contract to Robert Roberts, who had ever since been in possession of the same, of which he had duly informed the plaintiff; and that the said Roberts was a proper and necessary party to the action.

There was a reply, admitting the payment of $1,000, but denying most of the material allegations of the answer.

The court found, among other things, as matters of fact, that the defendant agreed to pay $1,000 down, and the remaining $7,000 at the times stated in the complaint, with interest payable annually, on all of said sums unpaid, at the rate of ten per cent. per annum, from October 11, 1869; that it was a part of said agreement that the defendant might pay all or any part of said principal at any time before due, and that he might, if he should choose, terminate the contract at any time before the second payment should fall due, by forfeiting the sum already paid; that on April 1, 1870, defendant took actual possession of said land, and made improvements, and placed a tenant thereon; that on or about June 27, 1870, defendant sold to Robert Roberts his interest in the land under said contract, and received therefor $500, exclusive of the sum paid by said Roberts for the defendant's share of the crops, and placed Roberts in possession; that no part of the $7,000 and interest had been paid; that when the action was commenced, there was due one installment of $1,000 with interest; that before said payment become due, defendant informed the plaintiff that he could not pay the same, and did not consider himself bound by said contract beyond the forfeiting of the $1,000; that plaintiff never agreed to release defendant from said contract, and never recognized Robert Roberts, nor any one else except the defendant, as bound to him on said contract; that on or about May 1, 1871, plaintiff gave defendant notice that he elected to hold the con-

tract as binding, and made a formal demand for the payment for the installment of purchase money then due, and all interest then due on said contract; that Robert Roberts is an unmarried man, and there is no evidence to show who are his heirs, if he is deceased; that he went to Wales in the fall of 1870, and is reported to have sailed on his return to America in February, 1871, and has not since been heard from. As conclusions of law, the court held that the interest on all sums unpaid, named in said contract, will become due and payable annually, and that defendant may make any or all of said payments before due, at his option; that on failing to pay the amount due on April 1, 1871, defendant had the right to forfeit the $1,000 paid, and give up the land, or hold the contract good; but that the sale by him of his interest in said contract before April 1, 1871, was in law an election to affirm, and renew the contract. Judgment for plaintiff for $3,486 damages; from which the defendant appealed.

*Cothren & Lanyon*, for appellant:

1. The contract was one which either party might *rescind*, or which became void and thus rescinded itself, upon failure to pay a second installment at the time specified. It was not for the absolute sale of land, but only for its occupancy and conditional sale, as is apparent from its provisions, and the finding of the court. If it was such a contract, and one party had the right to recede from it, the other had the same right. *Bradley v. Denton*, 3 Wis., 557; *Benedict v. Lynch*, 1 Johns. Ch., 370. The contract must be construed according to the finding of the court, and the finding must be regarded as a reformation of the contract in the particular that the defendant had the right to forfeit the $1,000 and give up the land. The finding classes the contract among such as are designated in the law as conditional contracts. 2 Parsons on Con., 525, § 6. The contract itself admits of no other construction than that it was to be *void* in case of failure to make the second payment; and the plaintiff cannot complain, as he received more

than enough to pay him for the use of the place. Parties may make valid contracts in which *time* is of the essence. Willard's Eq. Jur., 294; *Wells v. Smith*, 7 Paige, 22; *Benedict v. Lynch, supra.* The defendant could not have specifically enforced the contract against the plaintiff after he had failed to pay the second installment. *Edgerton v. Peckham*, 11 Paige, 352; Willard's Eq. Jur., 284. In order to be enforced, an agreement must be mutual, and certain in its terms. Willard's Eq. Jur., 267; *Bradley v. Denton, supra; Benedict v. Lynch, supra; German v. Machin*, 6 Paige, 288; *Woodward v. Harris*, 2 Barb., 439; *Phillips v. Berger*, id., 611; 8 id., 527. 2. The only effect of the assignment to Roberts by the defendant was to give to Roberts the right to pay the installments and then demand a deed. This assignment in no way affected the plaintiff; and the evidence contradicts the position that the defendant elected to affirm and renew the contract.

*Alexander Wilson* and *Wm. E. Carter*, for respondent:

1. The defendant went into possession and paid the first $1,000 according to the covenants, which are mutual and independent so far as the purposes of this action are concerned. *Seers v. Fowler*, 2 Johns., 272; *Wilcox v. Ten Eyck*, 5 id., 78. 2. If the covenants are dependent, the plaintiff has performed his part, being ready and offering to convey. *West v. Emmons*, 5 Johns., 179; *Cunningham v. Morrell*, 10 id., 203. 3. Courts of equity will decree a specific performance when the contract is in writing, and is certain and fair in all its parts, and is for an adequate consideration, and capable of being performed, but not otherwise. 1 Story's Eq. Jur., 751. 4. The plaintiff has the right to abandon his lien upon the land, and take a personal judgment, and tender his deed when it becomes due. *Stephens v. Magor*, 25 Wis., 538; *Webster v. Tibbits*, 19 id., 445. 5. If notes had been given to correspond with the different payments, the plaintiff could have sued upon the notes and recovered. *Carman v. Pultz*, 21 N. Y., 547. The promises in the contract are just as binding as if in notes. 1 Seld., 254;

*Gale v. Best*, 20 Wis., 44. 6. The true construction of the contract is, that in the event of nonpayment of any of the installments, it is to become void, unless both parties mutually agree to revive it, or unless some act is done by the seller to indicate that he wishes it to continue in force. And by the terms of the contract the buyer cannot relieve himself from liability by submitting to a forfeiture of previous payments. *Ayres v. Pease*, 12 Wend., 393. Moreover, the buyer would have been relieved against a forfeiture by a court of equity, if he desired it, on making payment in a reasonable time. *Hall v. Delaplaine*, 5 Wis., 206; *Button v. Schroyer*, id., 598; *Bull v. Shepard*, 7 id., 449; 2 Story's Eq., § 776; *Stevenson v. Loehr*, 57 Ill., 509. 7. The defendant revived and affirmed the contract by the assignment to Roberts.

COLE, J. The circuit court found as a fact, that, according to the terms of the contract as agreed upon between the parties, interest upon all sums unpaid, at the rate of ten per cent. from the date of the instrument, was to be paid annually. As we understand the evidence, there is really no conflict upon that point — the parties to the contract, as well as the witness Hopper, who drew it, substantially testifying that this was the agreement in regard to the payment of interest.

The court also found that it was a part of the agreement that the vendee might, if he chose so to do, terminate the contract at any time before the second installment became due, by forfeiting the sum already paid. An exception was taken to this finding of fact on the part of the plaintiff, but, as the judgment was finally in his favor, he has taken no appeal. But still his counsel insisted that it was competent for this court to review the exception on the appeal of the defendant, under sec. 16, ch. 264, Laws of 1860, as amended by sec. 2, ch. 36, Laws of 1872. This presents a question of some importance, viz: the construction of the law of 1872; but as it is not essential, in the view we have taken of this case, to decide it, we shall leave it for

future consideration.   For, assuming for the purposes of this case, as we may do, that the contract gave the defendant the right to avoid it and treat it as altogether at an end, could he do so after having sold and transferred his interest in the contract to Roberts ?   It seems to us very clear that he could not.

The defendant claims that the understanding was, in case he chose not to pay or failed to pay the first installment specified, which became due April 1, 1871, that the contract was to be at an end, and that neither party should thereafter have any claim against the other under the agreement.   Still he states in his answer that on the 27th day of June, 1870, he assigned his interest in the contract and in the land therein described to one Robert Roberts, who then took possession of the land, and has ever since been in the possession thereof.   Now we fully agree with the circuit court in the view that, if the defendant had the right to throw up the contract, by this act of assignment he elected to abandon that right and to continue the contract in force.   It surely would be unreasonable to assume that the parties intended that the vendee might rescind the contract when it was no longer in his power to rescind it, and when he was unable to restore the vendor to the position in which he stood before the contract was entered into.   The defendant, having assigned the contract to Roberts, is of course unable to surrender and cancel it.   Neither can he deprive his assignee of any rights which he has acquired by the assignment. He cannot even restore the possession of the property so as to bind Roberts.   If he intended to avail himself of the condition, which he now claims the contract gave him, of avoiding or rescinding it, he should not have thus rendered it utterly impossible for him to restore the plaintiff to the position in respect to the possession of the land and the contract in which he stood antecedently to or at the time the contract was executed.   For to hold that it could have been the intention of the parties that the defendant should be released and discharged from its obligations without surrendering the agreement and restoring the

possession, would be a most unreasonable conclusion, and one not to be adopted except upon the clearest evidence. And we therefore think the defendant is in no situation to claim the benefit of the forfeiting clause in the contract, since, before the forfeiture, he assigned the contract to a third party, and has placed the title as well as the possession beyond his control.

Roberts, the assignee of the contract, is not a party to the action. Of course, no judgment which may be given in the case will conclude his rights. Where he is, or what he claims under the contract, does not appear. There is testimony which tends to show that he is dead, or, if living, is out of the country and beyond the jurisdiction of the court. And, as remarked by counsel for the plaintiff, he or his heirs may appear any day and insist upon a performance of the contract. And this furnishes an additional reason for denying the defendant the right to insist upon the forfeiture of the contract, if he ever had that right given to him by the terms of the instrument.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.