HACKER, Appellant, vs. HORLEMUS, Respondent.

*September 3 —September 20, 1887.*

APPEAL, *review of errors against respondent:* EJECTMENT, *whether defendant's possession was adverse a question for the jury:* NONSUIT.

1. Where, in an action by the owner of the south half of a certain quarter section of land against the owner of the north half of the same quarter section, to recover a strip of land lying north of a crooked fence, erected by the prior owner of such south half, but claimed to run south of the boundary line, which strip had been occupied by the defendant for more than twenty years, the evidence did not show conclusively whether such fence had been accepted and adopted by the parties as the line between them, nor under what claim the defendant took and retained possession, *held,* that the questions whether such strip was a part of the south half of such quarter section, and whether the defendant's possession was adverse, should have been submitted to the jury, and a nonsuit was improper.

2. The rule that, under sec. 3070, R. S., on appeal by the defeated party, the successful party may take advantage of any errors committed against himself at the trial to uphold the judgment, applies only to cases tried by the court without a jury.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion.

For the appellant there was a brief by *P. & T. O'Meara,*

Hacker vs. Horlemus.

and oral argument by *P. O'Meara*. They argued, among other things, that the court erred in granting a nonsuit. Evidence of adverse possession is always strictly construed, and whether the possession proved is adverse in fact is a question for the jury. *Graeven v. Davies*, 68 Wis. 312; *Sydnor v. Palmer*, 29 id. 226; *Jackson v. Sharp*, 9 Johns. 163; sec. 4210, R. S.; *Link v. Doerfer*, 42 Wis. 391; *Allen v. Allen*, 58 id. 202; *Furlong v. Garrett*, 44 id. 111; *McPherson v. Featherstone*, 37 id. 632; 3 Wash. on Real Property, 141; *Macklot v. Dubreuil*, 43 Am. Dec. 550; *Beverly v. Burke*, 54 id. 351; *Bader v. Ziese*, 44 Wis. 103; *Lamb v. Coe*, 15 Wend. 642; *Burrell v. Burrell*, 11 Mass. 294, 298; *Howard v. Reedy*, 29 Ga. 152; *Brown v. Cockerell*, 33 Ala. 45; *Irvine v. Adler*, 43 Cal. 559; *Worcester v. Lord*, 56 Me. 265.

The case was submitted for respondent upon the brief. of *Paul A. Weil*, attorney, and *Charles T. Hickox*, of counsel. To the point that defendant had acquired a title to the strip in controversy by possession they cited *Stuyvesant v. Dunham*, 9 Johns. 61; *Joyce v. Williams*, 26 Mich. 339; *Rogers v. Sheplar*, 5 Cent. Rep. 295; *F. & M. Bank v. Wilson*, 10 Watts, 261. Acts of exclusive possession and user raise a presumption of adverse claim. *Allen v. Allen*, 58 Wis. 208; *Bartlett v. Secor*, 56 id. 530; *La Frambois v. Jackson*, 8 Cow. 603; Wood on Limitations, 551. Whether the original entry was by mistake or not, the possession must be deemed adverse, and if continued for twenty years will bar the right of the true owner. *Crary v. Goodman*, 22 N. Y. 173; *Swettenham v. Leary*, 18 Hun, 284; *Cole v. Parker*, 70 Mo. 372; *Melvin v. Prop. Locks & Canals*, 5 Met. 33; *Enfield v. Day*, 7 N. H. 457; *French v. Pearce*, 8 Conn. 439; *Robinson v. Phillips*, 65 Barb. 418; *Humbert v. Trinity Church*, 24 Wend. 587; *Overing v. Russell*, 32 Barb. 263; *Johnson v. Gorham*, 38 Conn. 513; *Campau v. Dubois*, 39 Mich. 280; *Bryan v. Atwater*, 5 Day, 188.

When the facts are undisputed, as in this case, the question whether the possession comes within the statute is for the court. *Munro v. Merchant*, 26 Barb. 407; *Argotsinger v. Vines*, 82 N. Y. 313; *Union Canal Co. v. Young*, 1 Wharton, 410; *Bradstreet v. Huntington*, 5 Peters, 438; 3 Washburn, R. P. (3d ed.) 127. It is sufficient to sustain the nonsuit, that a verdict for the plaintiff on the evidence would be against the weight and effect of the facts shown. *Cutler v. Hurlbut*, 29 Wis. 165; *Mather v. Hutchinson*, 25 id. 27; *Ganson v. Madigan*, 15 id. 144; *Gready v. Ready*, 40 id. 478; *Galloway v. Week*, 54 id. 604; *Manny v. Glendinning*, 15 id. 50; *Shoemaker v. Hinze*, 53 id. 116.

TAYLOR, J. This is an action of ejectment, brought by the plaintiff, to recover a strip of land which he claims to be the owner of, and which is a part of the south half of the southeast quarter of section 34, township 11 N., of range 19 E. The plaintiff is in possession of all the south half of said southeast quarter except the strip in question, under deeds conveying to him the south half of said southeast quarter. The defendant is in possession of the north half of said southeast quarter, under deeds conveying to him the north half of the said southeast quarter, and had been for more than twenty years before the commencement of this action; and, if the strip in question is not a part of said north half of the southeast quarter, still the defendant has in fact been in the actual possession of said strip of land for more than twenty years before the commencement of this action, and he now claims the right to hold the same by adverse possession, though it be admitted that it is a part of the south half of said southeast quarter.

The evidence shows that a Mrs. Clow, who is the grantor of the plaintiff, was in possession of said south half of said southeast quarter, more than thirty years ago, claiming to own the same by virtue of a deed conveying to her said

south half.  That while she was so in possession, her hus-
band, on her behalf, built a fence, near the dividing line,
between the south and north halves of said southeast quar-
ter.  The only witness who was called in respect to the
building of this fence, says: "We could not find the land-
marks on the west side, perhaps half way through, and
Clow said, 'I will be sure to get it [the fence] on my land.'"
The evidence further shows that the fence was not built on
a straight line, and has never been kept up in good repair.

The defendant's evidence is that he has occupied all the
land north of the fence, from the time he took possession
in 1863, down to the commencement of the action, cleared
some part of the land off, and cultivated up to the fence.
He says he occupied up to the fence, because he did not
know but what that was the line between the lands.  The
defendant claims that after he bought the lands he and the
plaintiff divided the fence by parol, he agreeing to keep in
repair the east half, and the plaintiff, the west half.  This
is denied by the plaintiff.  Plaintiff also gave evidence
tending to show that the defendant did not claim to own
up to the fence, unless the fence was the true line between
the north and south halves of the quarter section.  Plaintiff
testified that when he first bought the land, more than ten
years ago, he spoke to the defendant about the fence, and
told the defendant the fence was too crooked, and he could
not keep it on his land; that the defendant then asked him
what he would take for it, that he refused to sell, and told
him he would get Brosius to survey the line.  Defendant
replied that Brosius could not survey a straight line.  He
testified that the defendant did not then claim to own
up to the fence.  He also testified that after he got the line
surveyed, Horlemus, the defendant, asked time to build his
part of the fence on the line.

At the close of the evidence the court nonsuited the
plaintiff, as is alleged on the part of the appellant, on the

ground that the defendant had held the lands claimed adversely to the plaintiff for more than twenty years before the commencement of the action. From the judgment entered upon such nonsuit, the plaintiff appeals to this court, and alleges that the court erred in nonsuiting the plaintiff upon the evidence as it stood when the case was closed.

The claim made by the learned counsel for the appellant is that under the evidence it was a question of fact for the jury and not of law for the court, whether the possession of the defendant for twenty years and more was such an adverse possession as would bar the plaintiff of his right. Upon the proof admitted by the learned circuit judge in the case, there was certainly sufficient evidence to entitle the plaintiff to take the verdict of the jury as to the question whether the land in controversy was not a part of the south half of the southeast quarter of said section, described in the plaintiff's deed of conveyance. If there was evidence sufficient upon this point to sustain a verdict for the plaintiff, the defendant was only entitled to a verdict in his favor upon the ground that he had conclusively shown an adverse possession for more than twenty years before this action was commenced. This he could do, in the first place, by showing, by satisfactory and uncontradicted evidence, that the plaintiff and himself, or those under whom they claim, had agreed upon and established the fence in question as a dividing line between their premises, and that the defendant had occupied the land on his side of the line for twenty years and more, previous to the commencement of the action, claiming to own up to the line. See *Bader v. Zeise*, 44 Wis. 96, 102; *Tobey v. Secor*, 60 Wis. 310, 313. It is hardly necessary to say that there is no such conclusive evidence in this case. In fact, the evidence shows that when the fence in question was first erected there was no agreement between the parties owning the lands. The fence was first constructed, according to the evidence, by the

plaintiff's grantor, without consultation with the adjoining owner, and was not built or intended to be built on the exact line between the parties, but upon one side of the line. If this fence can in any sense be said to have been a line adopted by the adjoining owners as the true line between them, such adoption by the parties is not sustained by such clear and uncontradicted evidence as would justify the court in taking that question from the jury. The direction of the learned circuit judge cannot be sustained on that view of the case.

The only other view of the case which would justify the court in directing a nonsuit or verdict for the defendant, is that the evidence conclusively shows that, when the defendant entered into the possession of his land, in 1863, which was conveyed to him by his deed, describing the lands con-veyed as the north half of the southeast quarter of said section, he took actual possession of this land lying north of the fence in question, claiming it as a part of said north half of said southeast quarter, irrespective of the question of whether it was in fact a part of such north half described in his deed. The ordinary rule is that when a man enters into possession of land under a deed to him, he enters into the possession according to the deed, and takes possession of the lands described therein, and no other. If he claims to take possession of land not described in the deed, the burden of the proof is on him that he took possession, in fact, of the lands not so described in his deed, and that he took such possession claiming to own the same, and in hos-tility to all other claimants. In order to make his posses-sion hostile and adverse it may not be necessary to show any declaration of his showing the hostile intent at the time the possession was taken. The facts and circumstances at-tending the taking possession, the character of the posses-sion, and its long continuance, may justify a court or jury in finding the entry and possession adverse. Such continued

actual possession for twenty years or more may in itself raise a presumption that the possession was taken originally under claim of title, and hostile to all other claims, and so continued. See *McPherson v. Featherstone*, 37 Wis. 632; *Allen v. Allen*, 58 Wis. 202–209; *Link v. Doerfer*, 42 Wis. 391, 394; *Pepper v. O'Dowd*, 39 Wis. 538. In the case at bar the only evidence of an adverse possession on the part of the defendant, of the land in controversy, is that he took possession of the north half of the southeast quarter of said section under a deed or deeds, conveying to him only said north half; that he found, when he took such possession, a fence along the south part of the land conveyed to him, and near the south line of the lands described in his deeds, and has occupied up to said fence for more than twenty years, by using the lands in the ordinary way in which farmers use their lands. We are not prepared to say that under this evidence a jury might not be justified in holding such possession adverse to the plaintiff; but we are very clear that the court had not the right to say, as a matter of law, that such possession was taken and held adversely for the twenty years and more. The fence was a crooked one, and in itself would indicate that it was not intended as the exact line of division of the north and south half of said quarter section, which in the nature of things would be a straight line. And a jury or court might well infer that the defendant's occupation up to the line was not made with the intent to claim that the fence was the true boundary between the parties. In addition to this there was evidence given on the part of plaintiff tending, at least, to show that the defendant did not claim the fence as the true line between the parties, and that there was no intention on his part to claim beyond such true line.

In our opinion, the court should have submitted the case to the jury upon the question of the adverse possession of the defendant, and that it was error to take that question from the jury.

The learned counsel for the respondent insist that the non-suit ordered by the court should be sustained, because the land sought to be recovered is not sufficiently described in the complaint.  It is very evident the learned circuit judge did not order the nonsuit on that ground, and, so far as we can ascertain from reading the description, it is sufficient, and a surveyor would have no difficulty in locating the tract. The learned counsel have also insisted that the learned circuit judge erred in admitting the evidence offered by the plaintiff to show his title to the land in controversy.   The court having ultimately decided the case in favor of the defendant, he cannot, upon an appeal by the plaintiff, take advantage of any errors committed against him on the trial. The rule laid down in this court that, upon an appeal by the defeated party in an action, the successful party may take advantage of any errors of the court committed against him on the trial, in order to uphold the judgment in his favor, applies only to cases tried by the court without a jury, and these decisions are based upon the statute applicable only to such cases.  *Stevens v. Millard,* 36 Wis. 77–83; *Maxwell v. Hartmann,* 50 Wis. 660, 664; *Witt v. Trustees,* 55 Wis. 377, 382; *Pettigrew v. Evansville,* 25 Wis. 233; sec. 3070, R. S. 1878.   It will be seen by an examination of this statutory provision that it is wholly inapplicable to a trial by jury in the circuit court.   In a case not coming within the provisions of this statute, exceptions, taken by the respondent in an appeal, who has not settled a bill of exceptions and also appealed, cannot be considered in this court on the appeal of the other party.  *Knox v. Cleveland,* 13 Wis. 245, 248; *Lee v. Dunlop,* 15 Wis. 387; *Pettigrew v. Evansville,* 25 Wis. 223.   A possible exception to this rule is suggested by Chief Justice Dixon, in *Hopkins v. Langton,* 30 Wis. 379. If the exception there suggested could be sustained, it would not apply to the case at bar.   We do not feel called upon to determine whether the learned circuit judge erred or not

in overruling the objections of the respondent to the evidence offered by the appellant on the trial.

The learned circuit judge having erred in refusing to submit the question of adverse possession by the defendant to the jury and ordering the plaintiff nonsuited, the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.