HITE, Executor, Appellant, vs. KEENE, Respondent.

*January 10—April 5, 1912.*

*Libel: Limitation of actions: Foreign laws: Expert testimony: Examination of witnesses: Hypothetical questions: Questions for jury: Stipulation for decision by court: Motions for directed verdict: Findings of fact, when essential: Appeal: Presumptions in case of general verdict: Exceptions by respondent.*

1. In an action for libel which involved the meaning of the words *"fait précis"* in Swiss law (translated "precise fact" or "definite act"), expert testimony was admissible to show such meaning.
2. In such case it was not error to submit to experts in Swiss law certain letters containing the alleged libelous matter and to ask them whether such letters contained any averment of a "precise fact" or of a "definite act" within the meaning of the Swiss Penal Code, instead of interrogating them by hypothetical questions.
3. There is an inherent weakness in the testimony of legal experts, as to the interpretation to be placed on a foreign statute, which does not claim to be based on any decisions of the courts of the foreign country.
4. Such testimony, when competent, is not conclusive on court or jury, as the case may be, even though undisputed.
5. In this state it is held that a statute of limitations, when it has fully run, takes away the right as well as the remedy. [Whether or not there is any presumption that the law of a foreign country not subject to the constitutional limitations which form the basis of such holding, or of a country operating under the civil law, is the same as our own, not determined.]
6. The question of what a foreign law is, is always a question of

fact; and when in a trial by jury a decision of that question must be made on conflicting oral testimony the question should be submitted to the jury unless the parties stipulate that it be decided by the court.

7. If such a stipulation be made, the trial court should make and file specific findings or conclusions of law upon the issues so to be determined by it, in order that the judgment may have a proper foundation. In this case, it not being clear that the trial court has found sufficient facts to warrant the entry of a judgment, the judgment entered is reversed and the cause remanded with directions to that court to make formal findings and enter judgment thereon unless of the opinion that a new trial should be granted.

.8. The ordinary presumption, in case of a general verdict, that all questions of fact were resolved in favor of the successful party, cannot be indulged where the court directed the jury to find for the plaintiff and left to them only the assessment of the damages.

9. Sec. 3070, Stats. (1898), which permits the supreme court to consider exceptions taken by the respondent in support of a judgment, does not, in general, apply to actions tried by a jury or, where some of the issues in an action are determined by the court, to that part of the action which is tried by the jury.

10. A motion for a directed verdict by both parties is not equivalent to a stipulation that all the issues be disposed of by the court.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Reversed.*

For the appellant there were briefs by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *J. G. Flanders* and *C. F. Fawsett.* They contended, *inter alia,* that the court was not bound by the opinion of experts as to the meaning and effect of foreign statutes, but these were questions of fact for the jury. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 309, 80 N. W. 644; *Head v. Hargrave,* 105 U. S. 45; *Finney v. Guy,* 189 U. S. 335, 343, 23 Sup. Ct. 558; *Laing v. Rigney,* 160 U. S. 531, 16 Sup. Ct. 366. The rule which prevails here, that statutes of limitation extinguish the right and not the remedy merely, is based on the constitutional doctrine of vested rights, and is contrary to the general rule. *Eingartner*

*v. Ill. S. Co.* 103 Wis. 373, 79 N. W. 433; 22 Am. & Eng. Ency. of Law (2d ed.) 1385, 1386. The presumption that the law of another country is the same as our own has no application where the two have different systems. *St. Sure v. Lindsfelt,* 82 Wis. 346, 350, 351, 52 N. W. 308; *Thorn v. Weatherly,* 50 Ark. 237, 7 S. W. 33; *Bain v. Arnold,* 33 Mo. App. 631, 632; Lawson, Presumptive Ev. pp. 435–439; Jones, Ev. (2d ed.) § 84 (83). The period of limitation is governed by the law of the forum. *Campbell v. Holt,* 115 U. S. 620, 621, 6 Sup. Ct. 209; *Michigan Ins. Bank v. Eldred,* 130 U. S. 693, 696, 9 Sup. Ct. 690; 25 Cyc. 99.

*Frank M. Hoyt,* for the respondent, cited, among other authorities, *Title G. & T. Co. v. Trenton P. Co.* 56 N. J. Eq. 441, 38 Atl. 422; *Nelson v. Bridport,* 8 Beav. 527, 547; *Finney v. Guy,* 106 Wis. 256, 265, 266, 82 N. W. 595; *Hunt v. Whewell,* 122 Wis. 33, 99 N. W. 599; *International H. Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042; *Mexican Nat. R. Co. v. Jackson,* 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276; *St. Louis, I. M. & S. R. Co. v. McCormick,* 71 Tex. 660, 9 S. W. 540, 1 L. R. A. 804; *Ash v. B. & O. R. Co.* 72 Md. 144, 19 Atl. 643.

The following opinion was filed January 30, 1912:

BARNES, J. This is an action for libel, based on two letters written by the defendant, who was United States consul at Geneva, Switzerland, to one Smith, and in which numerous charges derogatory to the character of one Louis Hite were made. One of these letters was written in December, 1905, and the other in January, 1906. The contents of the letters were communicated to Hite in January, 1906, and the letters were delivered to him in April of the same year. This action was commenced in July, 1907. *Mr. Keene* was a resident of Milwaukee before his appointment to a consular office, and still claims that city as his place of legal residence. Mr. Hite was a citizen of Louisville, Kentucky, although at

one time he took some steps toward becoming a citizen of Switzerland. The trial of the action resulted in a verdict in favor of plaintiff for $2,000 compensatory and $5,000 punitory damages. The defendant moved for judgment notwithstanding the verdict, and, in the alternative, if that motion were denied, for a new trial because of errors committed on the trial. The motion for judgment notwithstanding the verdict was granted, and from a judgment in defendant's favor this appeal is taken. Plaintiff died after the verdict was rendered, and the executor of his estate prosecutes this appeal.

The circuit court awarded the defendant judgment notwithstanding the verdict because in its opinion the action was barred by the Swiss statute of limitations applicable to such an action, and further because it was of the opinion that such statute operated to extinguish the plaintiff's right as well as his remedy. Appellant contends that the court erred on both propositions. If it erred on either, the judgment entered is erroneous.

Art. 303 of the Swiss Penal Code, translated from the French into English, reads as follows:

"Every allegation or imputation of a precise fact (*fait précis*) which injures the honor or respect of the person or set of men to whom the fact is charged, or which might expose him, either to criminal or correctional suits, or only to public hatred and contempt, is called defamation."

Art. 305 reads as follows: "Every contumelious expression, term of contempt or invective which does not comprise the charge of any precise fact is called abusive language."

Art. 312 reads as follows: "Every abuse which shall not have been uttered in public places or meetings, or which shall not comprise the charge of a definite fact, shall not cause anything but police penalties."

It is conceded that the Swiss statute of limitations applicable to art. 303 above quoted is three years, and that if the letters of the defendant imputed a "precise fact" which injured "the honor or respect of the person or set of men to whom the

fact is charged, or which might expose him either to criminal or correctional suits, or only to public hatred and contempt," the statute of limitations had not run on the plaintiff's action at the time suit was brought.   On the other hand, it is conceded that if the letters simply contained abusive language and did not charge a *"fait précis"* within the meaning of said art. 303, the action would be barred after one year under the law of the canton of Geneva.

The decision of the question depends on the meaning of the words *"fait précis,"* which have been interpreted as meaning "precise fact" or "definite act."   If the words mean that an act must substantially be charged with the preciseness and definiteness that should be used in a criminal pleading, then it is apparent that *Keene* did not state a "precise fact" in his letters.   If they mean that the term should be interpreted according to the ordinary meaning of the equivalent English words, then it might well be that "precise facts" or "definite acts" are charged in the letters in general terms.   The situation was one where expert testimony as to what the words meant would be peculiarly helpful, because they might have a meaning to the Swiss or French lawyer very different from the one that would be conveyed to the American lawyer or layman by the English words into which they were translated. Three Swiss lawyers were sworn as experts.   The *Keene* letters, which were written in English, were shown to and were read by them, and they were asked to state whether these letters contained any averment of a "precise fact" or of a "definite act," within the meaning of art. 303 of the Swiss Penal Code, and each answered in the negative.   No evidence to the contrary was offered.   The evidence, if competent, was not conclusive, because the court or jury might consider the Swiss law, and the letters, in connection with this evidence and reach an opposite conclusion.   But if the court was right in admitting the evidence and in assuming that the question was one with which the jury were not concerned, its conclusion of fact

thereon should not be disturbed by this court.   The meaning
of the act is not so clear that it can be said that considerable
weight should not be accorded to the testimony of the experts,
and we would be unable to say that the finding of the trial
court was against the clear preponderance of the entire evi-
dence.

The witnesses were asked to pass upon the ultimate ques-
tion of fact to be decided by the court or jury, and it is said
that this they may not do.   It has been held that expert evi-
dence which covers the ultimate facts to be decided by the
jury and which is not based on a hypothetical case is not com-
petent.   *Baker v. Madison,* 62 Wis. 137, 22 N. W. 141, 583;
*Maitland v. Gilbert P. Co.* 97 Wis. 476, 72 N. W. 1124; *Ben-
son v. Superior Mfg. Co.* 147 Wis. 20, 132 N. W. 633.   It
has also been held that opinion evidence as to the ultimate
fact may be given by experts in regard to matters of science,
art, or skill in some particular calling, when based on a hypo-
thetical question made up of facts that are not in dispute.
*Maitland v. Gilbert P. Co., supra,* pp. 476, 484; *Green v.
Ashland W. Co.* 101 Wis. 258, 77 N. W. 722; *Daly v. Mil-
waukee,* 103 Wis. 588, 79 N. W. 752; *Innes v. Milwaukee,*
103 Wis. 582, 79 N. W. 783.   We do not understand that
these cases have been overruled by what is said in *Lyon v.
Grand Rapids,* 121 Wis. 609, 99 N. W. 311.   In the case be-
fore us we can see no practical difference between asking the
witnesses to read the letters and then say whether they contain
a charge of a "precise fact," and calling for the same kind of
an answer to a hypothetical question which embodied the facts
stated in the letters.   We must assume from the evidence that
the witnesses were competent to read the English language
as well as to understand it when spoken, and unless they could
absorb its purport and meaning through the ear better than
through the eye, no prejudice could result from pursuing the
method of examination which was followed.   Generally speak-
ing, it would be advantageous to a witness to be permitted to

examine the letters rather than to attempt to absorb their contents while a hypothetical question was being read to him. So we conclude that no error was committed in admitting the letters.

It may be remarked in passing that four members of the court are of the opinion that if the expert evidence had been rejected and the statute only was considered, the letters did not charge a *"fait précis."* Whether the court should have taken this question from the jury will be discussed later. There is no apparent conflict in the evidence itself, unless the parol evidence is in conflict with the obvious meaning of the statute. There was an inherent weakness in the parol testimony in that none of the witnesses claimed that any Swiss court had placed any interpretation on the meaning of the statute we are considering.

We get very little aid from reading the Swiss statute of limitation on the question whether the statute destroys the right as well as abolishes the remedy. The statute as translated reads as follows:

"An action for damages is lost by limitation after one year, dating from the day when the injured party had knowledge of the wrong and of the person who is the author of it, and in every case after ten years from that day the wrongful act was done.

"If, however, the injuries result from a punishable act subject by penal legislation to a limitation of longer duration, the same limitation applies to the civil action."

This court, as well as some others, has held that a statute of limitation takes away the right as well as the remedy. *Eingartner v. Ill. S. Co.* 103 Wis. 373, 376, 79 N. W. 433, and cases cited. American courts generally, and among them the supreme court of the United States, hold the contrary rule. Our decisions are apparently grounded on the proposition that a right acquired by such a statute is a vested property right and that it would violate the "due process" clause of the federal constitution to take away the right after it had accrued.

According to the evidence there is no such provision in the Swiss constitution or in the constitution of the canton of Geneva. So it is argued by appellant that no presumption should be indulged in that the Swiss law is like our own, because it is shown that the reasoning on which our decisions are based is not applicable to a Swiss statute. It is further said that as to laws of foreign countries operating under the civil law, we cannot indulge in any presumption that the foreign law is the same as our own, and the weight of authority seems to be in favor of this contention. *St. Sure v. Lindsfelt,* 82 Wis. 346, 350, 52 N. W. 308; Lawson, Presumptive Ev. 435–439; Jones, Ev. (2d ed.) §§ 83, 84 (81–83); 5 Ency. of Ev. 819, and cases cited in note 36.

It is unnecessary to decide either of the two questions last suggested. The presumption, if one exists, is at best a mild one and not of any great value except where the proof is about evenly balanced or where there is no proof at all. The wording of the statute furnishes us practically no aid upon the subject. The three Swiss lawyers before referred to testified in reference to the matter, and if their evidence is entitled to credence it should settle the question one way or the other. One of them testified that the statute took away the remedy as well as the right. Some of his evidence would indicate that he had no very clear conception of the difference between right and remedy. The other two testified that the right was not taken away, but they too seemed to have no clear idea of what counsel were driving at. The depositions were taken on written interrogatories, and it is unfortunate that the witnesses could not have been examined orally. But in any event we have the asseveration of one witness that the right was gone as well as the remedy under the Swiss law, and of two who said that the contrary was true. Counsel for appellant argue that the court reached a wrong conclusion on this point, and we agree with counsel, because we think the court was wrong in reaching or in attempting to reach any conclu-

sion upon it.   The question of what a foreign law is, is al-
ways a question of fact.   Where the only proof of a foreign
law is some statute which has been offered in evidence, a num-
ber of courts hold that its construction is for the court.   But
where, as here, oral testimony is taken in which there is a
sharp conflict and where the case must practically be decided
upon this oral testimony, the authorities are well nigh har-
monious to the effect that the disputed question of fact pre-
sents a jury question in a case triable by a jury, and not one
that can be taken from the jury and be decided by the court.
This question is not argued in the briefs of either counsel, but
is directly involved in the case, and we do not see how we can
escape passing upon it.   Story, in his Conflict of Laws (7th
ed.) § 638, states the rule as follows:

"The courts are therefore to decide what is the proper evi-
dence of the laws of a foreign country; and, when evidence is
given of those laws, the courts are to judge of their applicabil-
ity, when proved, to the case in hand. . . . But when the evi-
dence consists of parol testimony of experts as to the existence
or prevailing construction of a statute, or as to any point of
unwritten law, the jury must determine what the foreign law
is, as in the case of any controverted fact depending upon like
testimony. . . . And when the evidence admitted consists en-
tirely of a written document, statute, or judicial opinion, the
question of its construction and effect is for the court alone."

The supreme court of Massachusetts, in *Kline v. Baker,* 99
Mass. 253, 254, said:

"As foreign laws can only be known so far as they are
proved, no evidence of them can be admitted at the argument
before this court, which was not offered at the trial or other-
wise made part of the case reserved. . . . When the evidence
consists of the parol testimony of experts as to the existence
or prevailing construction of a statute, or as to any point of
unwritten law, the jury must determine what the foreign law
is, as in the case of any controverted fact depending upon like
testimony."

The court in the above decision followed a former decision in *Holman v. King,* 7 Met. 384. And in *Ufford v. Spaulding,* 156 Mass. 65, 66, 30 N. E. 360, the court again says:

"It is a general rule, that laws of other states must be proved as facts, and ordinarily, in a trial by jury, the question must be left to the jury to decide as a fact what the law of another state is, if it becomes material to be determined."

To the same effect is *Ames v. McCamber,* 124 Mass. 85.

Without carrying this opinion to unnecessary length by indulging in repeated quotations, we call attention to the following additional authorities which hold that the evidence here offered presented a question of fact which the jury should have been permitted to pass upon: *State v. Looke,* 7 Oreg. 54; *De Sobry v. De Laistre,* 2 Har. & J. 191, 3 Am. Dec. 535; *Trasher v. Everhart,* 3 Gill & J. 234; *Charlotte v. Chouteau,* 25 Mo. 465, 475; *Ingraham v. Hart,* 11 Ohio, 255; *Dyer v. Smith,* 12 Conn. 384; *Moore v. Gwynn,* 5 Ired. (27 N. C.) 187; *Hooper v. Moore,* 50 N. C. 130, 134; *Francis v. Ocean. Ins. Co.* 6 Cow. 404, 429; 5 Ency. of Ev. 382; *Mostyn v. Fabrigas,* 1 Cowp. 161, op. by Lord MANSFIELD.

There are a number of cases which hold that the matter of determining the qualifications of experts or other questions bearing on the competency of witnesses and evidence must be passed on by the court, and that where the evidence admitted consists entirely of written documents, statutes, or judicial opinions, the question of their construction and effect is for the court alone. *Church v. Hubbart,* 2 Cranch, 187; *Ennis v. Smith,* 14 How. 400; *Owen v. Doyle,* 15 Me. 147; *State v. Jackson,* 2 Dev. (13 N. C.) 563; *People v. Lambert,* 5 Mich. 349; *Bremer v. Freeman,* 10 Moore P. C. Cas. 306; *Di Sora v. Phillipps,* 10 H. L. Cas. 624; *Hooper v. Moore, supra.*

Our own statute, sec. 4139, provides that the existence and the tenor or effect of all foreign laws may be proved as facts by parol, but if it shall appear that the law in question is contained in a written statute or code, the courts may, in their

discretion, reject any evidence of such law that is not accompanied by a copy thereof.

Where, as here, there is conflicting parol testimony as to· what the effect of the Swiss limitation statute is, and where no satisfactory inference can be drawn from the statute itself, we have found no case which does not hold that the fact must be determined by the jury, except *Hall v. Costello,* 48 N. H. 176. A number of cases are cited by that court to sustain its decision, but they fail to do so; and one of them, *Francis v. Ocean Ins. Co., supra,* is directly to the contrary. All the authorities hold that a foreign law must be proved as any other fact in a case, and when that proof is made by oral testimony in reference to which there is a conflict, we see no reason why its weight and credibility should not be determined by the jury under proper instructions, like any other material fact. A majority of the court is of the opinion that there is no such preponderance of the evidence against the finding of the trial court on this question, if there is any such finding, that its conclusion should be set aside if the question were a proper one for it to decide. The question is treated by the circuit judge as though it were one of law instead of one of fact. The verdict was a general one in form, and ordinarily we would have to assume that all questions of fact had been resolved in favor of the successful party. That assumption cannot be indulged in here, because the court directed a verdict in plaintiff's favor and instructed the jury that a verdict must be returned for the plaintiff in some amount and that their only function in the case was to make an assessment of damages. So the jury was expressly prohibited from passing upon the question under discussion. It follows from what has been said that the trial court committed an error against the respondent in the first instance in directing a verdict against him, because it should have been left to the jury to say upon the testimony offered whether the Swiss statute of limitation extinguished the right as well as the remedy. It necessarily follows that

the trial court committed error against the appellant when it ordered judgment for the defendant notwithstanding the verdict. In each instance the court assumed to decide what was clearly a jury question. Instead of entering judgment in defendant's favor the court should have granted a new trial. The judgment must therefore be reversed. As it is apparent that the plaintiff is not entitled to judgment on the verdict, the circuit court should order a new trial. Sec. 3071, Stats. (1898).

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to grant a new trial.

The respondent moved for a rehearing. The appellant moved that the mandate be modified so as to direct the circuit court to cause judgment to be entered upon the verdict.

The following opinion was filed April 5, 1912:

BARNES, J. The bill of exceptions in this case contained the following colloquy between counsel and the court:

"Mr. Hoyt: We might just as well offer these other depositions. They relate to the legal point. We offer the deposition of Mr. Privat.

Court: That is as to the law?

Mr. Hoyt: Yes.

Court: Mr. Fawsett and Mr. Flanders, now just a moment.

(The court and counsel thereupon consulted in an undertone out of the hearing of the reporter.)

Mr. Hoyt: It is stipulated that this question of the statute of limitations and the evidence is purely a matter of law to be decided by the court.

Court: Gentlemen of the Jury—Some matters are coming up now which are purely matters of law and you certainly would not be interested in it and there is no good reason why you should be kept here. You may be excused until tomorrow morning at half past 9. Please report at that time."

This colloquy was not printed in the case, but it did contain the following:

"It is stipulated that the question of the statute of limitations and the evidence about to be offered in relation thereto were purely matters of law to be decided by the court."

No reference to the stipulation was made in the briefs or on the oral argument, and no assertion was made that the parties had agreed that some of the issues of fact should be tried by the court and the remaining issues only passed upon by the jury. We had before us only what the reporter heard. We do not regard that part of the colloquy as meaning anything more than that certain questions of law were involved in relation to the admission of the evidence contained in the depositions which defendant proposed to offer, and that, inasmuch as these questions would have to be decided by the court, the presence of the jury was unnecessary while they were being passed upon.

However, since the case was decided, counsel have filed a stipulation in this court, in which they recite that they agreed that "all questions whether of fact or law involved in such issue [that arising on the statutes of limitation which were pleaded] should be determined by the court," and we have concluded to treat the same as part of the record. The appellant moved to modify the mandate so as to order judgment on the verdict for the plaintiff. The respondent moved for a rehearing because he conceived that he was entitled to an affirmance of the judgment, under the stipulation, on the decision of the circuit judge, and further, because prejudicial error was committed against him on the trial which would entitle him to a new trial, and, inasmuch as the causes of action sued on did not survive, all right of action was lost.

The appellant's motion cannot be granted. We held in the former opinion that there was sufficient evidence in the record to sustain a finding by the trial court that the Swiss statute

of limitations destroyed the right as well as the remedy, and we see no reason for receding from that position. The circuit court has not made any findings of fact favorable to the plaintiff on that point. The court submitted nothing to the jury except the assessment of damages. Under the stipulation, it may be that no other question should have been submitted. There is language in the charge which would indicate that at the time it was given the court was of the opinion that the plaintiff was not barred from recovery by the statute of limitations. There was nothing to preclude the court from changing its mind before the entry of judgment. By virtue of the stipulation the judgment was to be based on the verdict of the jury supplemented by the findings of fact by the court on the questions reserved from the jury and the conclusions of law drawn therefrom.

Whether the court has found sufficient facts to warrant the entry of a judgment against the plaintiff is far from being clear. Inasmuch as the issues of fact were parceled out between the court and the jury, the court should have made specific findings of fact on the material issues which it was agreed it should try. Instead, we have an opinion of the court covering fifteen pages of printed matter in which is discussed the various legal questions raised on the motions after verdict and incidentally some questions of fact. In that opinion the court definitely decides that he is satisfied from the evidence that the one-year statute of limitations was applicable to the case.

On the other question we have no finding of fact. The court discusses the evidence of the three Swiss lawyers and concludes: "I incline to think that the greater weight of testimony as a whole is to the effect that the Swiss statute extinguishes the claim itself." The court then very properly considers the statute itself and concludes that its wording, in a measure at least, supports the view that the right is extinguished thereby. The court then treats the question on the

theory that the evidence does not satisfactorily show what. the Swiss law on the point is, and proceeds to argue that the law of the forum should govern, and that applying that law the right was extinguished as well as the remedy. The questions whether the law of the forum should apply in any event, and what that law is, are legal ones. How far they influenced the court in reaching its ultimate conclusion we do not know. The question of what the foreign law was in the instant case was one of fact to be determined from a reading of the Swiss statute, from the evidence of the experts, and from any other competent evidence in the case. If this evidence was such that the court could not reach a conclusion thereon, then the court should have so found. The case might then have to be decided on certain presumptions, but the decision of the circuit judge thereon would carry no such weight as would his conclusion on a disputed question of fact.

We think on the whole the case should be sent back to the trial court to make formal findings of fact and conclusions of law on the issues submitted to it for determination. If these findings and conclusions entitle the defendant to judgment, he will have secured what he desires. If they are favorable to the plaintiff, the defendant is entitled to have his motion for a new trial considered and decided on the merits. It has been held that the statute (sec. 3070, Stats. 1898) which permits this court to consider exceptions taken by a respondent in support of a judgment applies only to actions tried by the court. *Hacker v. Horlemus,* 69 Wis. 280, 34 N. W. 125. There may be exceptions to this general rule, but this case does not fall within them. The exceptions here urged by respondent relate to the part of the action that was tried by jury. This court has never adopted the rule that a motion for a directed verdict by both parties is equivalent to a stipulation that all the issues therein be disposed of by the court, and has no disposition to do so now. We have not passed upon the question whether the right of action became extin-

guished by the death of the former plaintiff.    That issue is left open for litigation in the lower court in the event of a new trial being granted.

*By the Court.*—The former mandate is modified by directing the trial court to make findings of fact and conclusions of law as herein indicated and to enter judgment thereon, unless of the opinion that a new trial should be granted.    The motion for a rehearing is denied.    No costs are allowed on either motion.