## OLESON vs. TOLFORD and another.

EVIDENCE. (1) *Questions calling for opinion of witness, when inadmissible.*
(2) *Effect of erroneous permission to answer. Not fatal where facts are all before jury.*

NEW TRIAL. (3) *Not error to refuse, when there is testimony to support verdict.*

1. In an action for injuries to plaintiff caused by the upsetting of defendants' stage coach in which plaintiff was a passenger, a witness for plaintiff was asked, on his direct examination, to "state, if he knew, from his knowledge of the condition of the road at that time, what would be the chance for a stage coach to tip up, being driven by an ordinarily careful, prudent driver." *Held*, that the question called for the witness's *opinion* as to a matter not involving professional skill, and concerning which the jury were to judge for themselves from the *facts* in evidence; and there was no error in rejecting it.

2. The same witness, on cross examination, was permitted, against plaintiff's objection, to state that in his opinion the stage *was not overloaded*. *Held*, that the evidence was inadmissible; but as the jury had all the facts before them from which they could determine for themselves whether the stage was overloaded, and this court is of opinion that the verdict (for defendants) could not have been influenced by the improper evidence, the judgment will not be reversed for its admission.

3. Where there was testimony to support the verdict, and the trial court refused a new trial, this court will not reverse the judgment merely because it may think the weight of evidence was against the verdict.

APPEAL from the Circuit Court for *Clark* County.

Action for damages for personal injuries alleged to have been sustained by *Oleson* through the negligence of the defendants, while he was a passenger on their stage coach. The complaint alleged that the injury was caused by the stage coach being overturned, by the negligence of the driver. The answer denied the negligence and charged that plaintiff was intoxicated at the time, and climbed upon the top of the stage coach against the command of the driver, and by his own fault suffered the injury, etc.

On the trial, the plaintiff offered evidence tending to show that the stage had overturned, as alleged in the complaint. *Lynn*, one of the defendants, was called as a witness for the plaintiff and testified that "the road where the accident occurred was a little down grade and sandy, and there was a little hole in the road." He was then asked: "What in your opinion would cause a stage to tip over at that point, at that time?" Objection to this question by defendants' counsel was sustained. The witness was then asked: "State, if you know, from your own knowledge of the condition of the road at that time, what would be the chances for a stage coach to tip over, being driven by an ordinarily careful, prudent driver?" Objection thereto by defendants' counsel was sustained. The testimony of this witness showed the number of passengers on the stage, inside and on the top, and the condition of the road. On cross examination he was asked: "Was the stage overloaded in your opinion?" Objection by plaintiff's counsel to this question was overruled, and he answered, that he did not think it was, and that the driver was a good, slow, careful driver. On the part of the defense evidence was offered tending to show that the driver was guilty of no negligence; that the stage was not overloaded; that the plaintiff and others had climbed on to

the top from the inside, and remained there against the remonstrance of the driver, and that they had a bottle of whisky and drank several times.

Some of the evidence went to show that the upsetting of the coach was caused by the breaking of one of the braces upon which the body of the coach was suspended.

Verdict for the defendants. The plaintiff moved for a new trial on the ground that the verdict was against evidence. Motion denied, and plaintiff appealed.

*R. J. McBride* and *B. F. French*, for appellant, argued, *inter alia*, that the court erred in allowing the witness *Lynn* to answer the question, "Was the stage overloaded in your opinion?" citing Phillips on Ev., 19 Am. ed., 656; *Rumadge v. Ryan*, 9 Bing., 333; *M. & M. R. R. Co. v. Eble*, 4 Chand., 72; 3 Pin. Wis., 334; *Luning a. State*, 1 Chand., 178, 2 Pin., Wis., 216; *Eaton v. Woolly*, 28 Wis., 628; *Harris v. Panama R. R. Co.*, 3 Bosw., 7; *Crofut v. Brooklyn Ferry Co.*, 36 Barb., 201; *Hinds v. Barton*, 25 N. Y.. 544; *Barker v. Savage*, 1 Sweeney, 288; *Slater v. Wilcox*, 57 Barb., 604; *Keller v. N. Y. Cent. R. R. Co.*, 24 How. Pr,. 184; *Cook v. Brockway*, 21 Barb., 331; *Hewlett v. Wood*, 55 N. Y., 634; *Morehouse v. Matthews*, 2 Comst., 514; *Merritt v. Seaman*, 2 Seld., 168; *Jefferson Insurance Co v. Cotheal*, 7 Wend., 72–78; *Anderson v. R. W. & O. R. R. Co.*, 54 N. Y., 334. Upon the point, that the verdict was against evidence, counsel argued from the evidence, that the carrier was bound to provide safe vehicles, and is liable for the consequence of defects which make them unfit for the journey irrespective of any question of negligence. *Alden v. N. Y. Cent. R. R. Co.*, 26 N. Y., 102. And that the negligence charged against plaintiff could not have *contributed* to the injury. Sherm. and Redf. on Negligence, 2d ed., §§ 32, 33, 34; *Caldwell v. Murphy*, 1 Duer, 233; *Keith v. Pinkham*, 43 Me., 501. There being no evidence to sustain the verdict, it was an abuse of discretion to refuse a new trial. *Whalon v. Blackburn*, 14 Wis., 432; *Van Valkenburgh v. Hoskins*, 7 id., 497.

Oleson vs. Tolford and another.

*Tyler & Dickinson* and *J. R. Sturdevant*, for the respondent.

COLE, J.    The first exception relied on to reverse the judgment is taken to the ruling of the court excluding evidence offered on the part of the plaintiff.    The witness *Lynn* was asked this question:    " What in your opinion would cause a stage to tip over at that point, at that time?"    This question was objected to, and excluded.  This ruling is now conceded to be correct by the plaintiff's counsel.    The same witness was then asked this:    " State, if you know, from your knowledge of the condition of the road at that time, what would be the chances for a stage coach to tip over, being driven by an ordinarily careful, prudent driver."    This question was objected to, and rejected.    The counsel for the plaintiff now insists that the question was a proper one, and should have been answered.  It seems to us, however, that the question was objectionable, because it really called for the opinion of the witness upon a matter which the jury were to pass upon.    For, though the witness might be well acquainted with the condition of the road, yet, from the nature of the case, he could not know what would be the " chances " or likelihood of the stage tipping over at that place, when driven in a careful, prudent manner. He might balance the probabilities in his mind, and express an opinion or belief on the subject; but this would only be substituting his opinion or judgment for that of the jury. When the facts were all before the jury, then it was their duty to determine whether the tipping over of the stage was caused by some defect in the highway, or by careless driving, or because the stage coach was overloaded.    The counsel, under the second point in their brief, refer to and rely upon the familiar rule that witnesses must generally speak to facts, and that they are not allowed to give opinions, unless they are experts, and then only upon questions of science and skill.    It seems to us the opinion of the witness was asked in respect to a matter involving no professional skill, and about which the jury were to

make their own inferences and form their own judgments. The rejection of the offered testimony was therefore not error.

The next point presents a question of no little difficulty, as affecting the judgment; and we have had some doubt as to how it ought to be decided. This witness was asked, on his cross examination, the question : " Was that stage overloaded, in your opinion?" This question was allowed to be answered, against the plaintiff's objection. How it happened that the witness was allowed to give his opinion in evidence for one party, and not for the other, is not explained in the record. But it seems to us that the question was an improper one, and should have been excluded, under the rule already referred to. It was calling for the opinion of the witness upon an issue or fact which belonged to the jury to determine. And it is not to be presumed, in a matter of this kind, which was within the knowledge and experience of ordinary jurymen, that they were less competent to arrive at correct conclusions upon the subject, by the exercise of their own judgment, than the witness himself. One ground of liability sought to be established was, that the defendants had failed to exercise due care and prudence in loading the coach. If the stage was overloaded, then the defendants were guilty of negligence in that regard, and might be responsible, providing it occasioned the injury complained of, and the plaintiff was without fault. And we therefore think the question was improper and inadmissible. The inquiry then arises, whether its admission should work a reversal of the judgment. This is the point about which we have considerable doubt. If we were satisfied that the reception of the improper testimony could have injuriously affected the plaintiff, our duty would be plain. But we think the evidence was harmless, and could not have prejudiced the plaintiff. All the facts in regard to the capacity of the stage, and as to how many persons could be carried upon it, were be fore the jury ; and they were entirely competent to arrive at a correct conclusion whether it was overloaded. We cannot pre-

sume that the opinion of the witness would overcome the facts clearly proven, or influence and affect the judgment of the jury upon the question of negligence. And we have therefore come to the conclusion, though with some reluctance, that the error is to be disregarded. In doing so we adopt the rule laid down in *Anderson v. Rome, W. & O. R'y*, 54 N. Y., 334, to which we are referred by counsel for the plaintiff, as contained in the following proposition: "The reception of illegal evidence," says EARL, C., "is presumptively injurious to the party objecting to its admission; but when the presumption is repelled, and it is clear, beyond rational doubt, that no harm was done to the party objecting, and that the illegal evidence did not and could not affect the result, the error furnishes no ground for reversal." p. 341. As the improper testimony could not, we think, have influenced the verdict of the jury in any degree, its admission ought not to reverse the judgment.

The last exception, relied on for a reversal of the judgment, is that taken to the ruling of the court denying the motion for a new trial. It is said that the verdict was contrary to the evidence. This may be conceded, and yet we cannot reverse the decision of the court for that reason. It cannot be successfully claimed that there is no testimony to support the verdict. For there is testimony from which the jury might find that the stage coach was not overloaded, but had capacity to safely carry outside as many passengers as were seated upon it; that it was in a good condition; and that the driver was a prudent person, who was exercising all care and diligence to prevent any accident when the stage upset. This testimony was all before the jury, whose province it was to determine what facts were proven by it; and the learned circuit judge who had tried the cause saw fit to deny the motion for a new trial. Under the circumstances we do not feel warranted in saying that he did not exercise a wise discretion in the matter.

This disposes of all the material questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.