GRIFFIN and wife vs. THE TOWN OF WILLOW.

HIGHWAYS: EVIDENCE: NEGLIGENCE. *(1) Opinions of witnesses as to sufficiency of highway. (2) "Slight negligence."* ·

1. In an action for injuries from a defective highway, witnesses cannot testify to their *opinions* as to the sufficiency of the highway.
2. It is the settled law of this state, that " slight negligence " is not a slight

want of ordinary care, but merely a want of extraordinary care; and such negligence on plaintiff's part will not prevent a recovery for injuries caused by a defective highway.

APPEAL from the Circuit Court for *Richland* County.

Action by husband and wife for injuries to their persons, alleged to have been caused by a defective highway. The evidence of the plaintiffs tended to show that at the place where the accident occurred, a ditch and water-break ran diagonally across the road, and that, upon the plaintiff husband driving his wagon into this ditch, the axle-tree was broken, the wife was thrown from the wagon, the horses ran away, and both plaintiffs sustained personal injuries. Witnesses for the defendant were permitted, against objection, to answer the following questions: "Was it necessary that there should be a bar there [referring to the water-break]? What kind of a road is it there? Is it possible to keep the road in a reasonably safe condition without a water-table [water-break] there? Was it such, taking into consideration the country and everything up there, as to be dangerous, taking proper care? At the time you saw it [four or five days after the accident], was there anything in the road which rendered it unsafe for a man to drive up or down the hill, using ordinary care?"

The court refused to instruct the jury, as requested by the plaintiffs, that slight negligence on their part would not defeat a recovery, but modified the proposition by adding: "but it must be so slight as not to contribute to the injury in any degree." In the general charge, the court said: "If one knows of a defect in a highway, and can avoid, by the exercise of reasonable and ordinary care and prudence, any injury in passing over it, it is his duty to do so. If he negligently and recklessly, under these circumstances, bring upon himself needless injury, the town is not responsible for it. * * If the jury find that the highway was not reasonably safe at the point in question, still, if *Daniel Griffin* (who was driving the team) knew of the existence of the ditch, and did not use a

reasonable degree of care in driving over it, as ordinarily care-
ful and prudent persons would do, in view of the circumstances
then existing, and the accident resulted from such want of
care, the plaintiffs cannot recover."

The defendant had a verdict; a new trial was denied; and
plaintiffs appealed from a judgment on the verdict.

The cause was submitted for the appellant. on the brief of
*J. W. Lusk.* To the point that the court erred in permitting
witnesses to give their opinions as to the safety of the road,
the necessity for a water-break, etc., he cited *Kelley v. Fond
du Lac*, 31 Wis., 185. To the point that it was error to re-
fuse the instruction asked by the plaintiff, he cited *Dreher v.
Fitchburg,·*22 Wis., 675; *Ward v. M. & St. P. Railway Co.*,
29 id., 151; *Houfe v. Fulton*, id., 302; *Hammond v. Mukwa*,
40 id., 35.

For the respondent, a brief was filed by *O. F. Black* as
attorney, and *Wm. E. Carter*, of counsel, and the cause was
argued orally by *Mr. Carter.* They examined the evi-
dence at length to show that the verdict could not have been
different if the court had excluded the opinion of the wit-
nesses, and contended that for that reason the judgment
should not be reversed for the error. *Green v. Gilbert*, 21
Wis., 395; *Kellogg v. Railway Co.*, 26 id., 223; *Ketchum v.
Zeilsdorff*, id., 514; 29 id., 221; 17 id., 672; 15 id., 145.
They also contended that, taking the whole charge together,
the court must have been understood as saying that a slight
want of ordinary care would defeat a recovery.

Ryan, C. J. The mere opinion of the respondent's wit-
nesses upon the safety of the highway was of course inadmis-
sible. *Kelley v. Fond du Lac*, 31 Wis., 179. It must have
been admitted by inadvertence. The learned counsel for the
respondent is too good a lawyer to deny the error. He took
the position, however, that the admission of the opinion of
the witnesses is immaterial, because the great weight of direct

evidence upon the condition of the highway must have led the jury to the same opinion. This court cannot say so. It was for the jury to determine the weight to be given to the testimony of the several witnesses; and. there certainly was evidence upon the sufficiency of the highway to support a verdict either way. In such cases a jury may well rely upon the judgment of persons of intelligence and standing. And it is dangerous in practice, as it is wrong in principle, to admit witnesses to testify to the very conclusions of fact which the jury is impaneled to find.

The learned judge of the court below refused, upon request of the appellants, to instruct the jury that slight negligence on the part of the plaintiffs would not defeat their right to recover. The proposition is undoubtedly correct: the well settled law of this court. Slight negligence is not slight want of ordinary care contributing to the injury, which would defeat an action for negligence. " Slight negligence is defined to be only an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use." And such want of extraordinary care, on the part of the person injured, will not defeat an action for negligence. *Dreher v. Fitchburg*, 22 Wis., 675; *Ward v. Railway Co.*, 29 id., 144; *Hammond v. Mukwa*, 40 id., 35. In ordinary circumstances, persons traveling upon public highways are held to the exercise of ordinary care only.

The learned counsel for the respondent agrees to this; but claims that a fair construction of the general charge sufficiently gives the rule to the jury, to render immaterial the refusal of the learned judge to give the specific instruction asked. As the judgment must be reversed upon the other point, it is unnecessary to examine the charge to see whether it sustains this view. But because the learned judge refused to give a direct and positive statement of the rule, as asked, it has been thought proper, to avoid all mistake about it, to reiterate it here.

*By the Court.*— The judgment is reversed, and the cause remanded to the court below for a new trial.