BENEDICT and wife vs. THE CITY OF FOND DU LAC.

44 405
103 590

HIGHWAYS. *(1) Insufficiency: Court and jury.* *(2)* EVIDENCE *of experts.*

1. While in extreme cases the insufficiency of a highway may be so great and manifest as to warrant the court in holding it insufficient as a matter of law, the question is generally one of mere fact for the jury, upon evidence of the actual condition of the highway.
2. While there might possibly be cases in which the opinions of experts would be admissible upon questions going to the sufficiency of a highway, yet generally the question of such sufficiency is not one of science or skill, and the opinions of witnesses thereon are inadmissible; and the exclusion in this case of such testimony of one who had been a civil engineer, but did not appear to be an expert as to the construction of highways, was not error.
3. A verdict for $1,500 for injuries to the person *held* not excessive in this case.

APPEAL from the Circuit Court for *Outagamie* County.

Action by husband and wife for injuries to the person of the wife, alleged to have been caused by a defect in a sidewalk upon a public street in the defendant city. It is alleged that, by *Mrs. Benedict's* falling upon said sidewalk, her left arm was fractured, and dislocated at the wrist, and otherwise severely bruised and injured; that her left leg, side and shoulder were severely bruised and injured, and she was otherwise

greatly hurt, bruised and injured, and became sick, sore and lame, and so remains; that ever since her injury (which was several years before the action was brought), she has been unable to use her left hand, and said hand and arm will be permanently lame, stiff and useless; that ever since said injury she has been, still is, and for a long time will be, hindered and prevented from working and attending to her necessary affairs and business; that she has ever since suffered, and still suffers, great pain and anguish in consequence of such injuries; and that plaintiffs were compelled to expend $100 in endeavoring to have her cured of her injuries.    There was evidence in support of these averments.

Verdict for the plaintiffs, for $1,500.    A new trial was denied; and from a judgment rendered pursuant to the verdict, defendant appealed.

For the appellant, a brief was filed signed by *F. F. Duffy*, and the cause was argued orally by *W. D. Conklin*.

*N. S. Gilson*, for the respondents.

RYAN, C. J.    There are extreme cases in which the dangerous character of a highway is so great and so manifest that courts are warranted in holding it unsafe, as a matter of law. *Prideaux v. Mineral Point*, 43 Wis., 513.    So of its sufficiency, also.    *McMaugh v. Milwaukee*, 32 Wis., 200.    But generally the sufficiency of a highway is a mere question of fact, to be determined by the jury upon evidence of its actual condition.    *Draper v. Ironton*, 42 Wis., 696.    The opinions of witnesses of its sufficiency or insufficiency, are inadmissible. *Montgomery v. Scott*, 34 Wis., 338; *Oleson v. Tolford*, 37 id., 327; *Griffin v. Willow*, 43 id., 509.    Possibly there might be cases in which the opinions of experts might be admissible upon matters going to the sufficiency of a highway.    Generally, however, it is a pure question of fact, not of science or skill.

In the present case, the court below excluded the opinion on the sufficiency of the highway, of one who had been a civil

engineer, but who did not appear to have had such skill or experience in the construction of highways as to make him an expert. In the language of Mr. Justice COLE in *Oleson v. Tolford:* "It seems to us the opinion of the witness was asked in respect to a matter involving no professional skill, and about which the jury were to make their own inferences and form their own judgments." Or, as the same learned judge says in *Montgomery v. Scott:* "From the nature of the case, the jury were quite as competent to form a judgment as to the sufficiency or insufficiency of the highway, from facts submitted on the subject, as the witness could be."

There is, therefore, no error in the exclusion of the opinion of one witness, or in striking out the opinion volunteered by another, on the sufficiency of the walk here in question.

The *locus in quo* was within a public street, which the city was bound to keep in proper condition for public travel. And its liability is not lessened by the fact that the abutting lot-owner was, as between him and the city, primarily bound to construct the walk, and in fact constructed it. When the walk was expressly or tacitly accepted by the city, in discharge of its own duty to the public, the city was equally accountable for it as if it had itself constructed it. This is ruled by several cases in this court, though apparently never deemed of consequence enough for discussion.

It is quite too late to question the general liability of the city for injuries arising from defective highways within it.

The questions of the sufficiency of the highway, of notice to the city, and of the female plaintiff's contributory negligence, were properly submitted to the jury, and the verdict is sustained by evidence.

This court cannot hold that such a verdict for such an injury is excessive.

*By the Court.*—The judgment of the court below is affirmed.