Mellor, by Guardian ad litem, vs. The Town of Utica.

*February 3 — February 24, 1880.*

*Highway: Negligence: Evidence.*

In an action for an injury alleged to have been caused by defects in a highway over which plaintiff was driving, it was error to permit a witness, who had driven over the highway at the same spot on the same day, and frequently at other times, to answer the question, whether, if a person driving over that part of said road, on that day, had driven in a careful manner, "as you would ordinarily drive on ordinary roads," there would have been any danger of an accident in consequence of the condition of the road; such question calling upon the witness to determine the exact issues which the jury were to determine.

APPEAL from the Circuit Court for *Crawford* County.

Plaintiff appealed from a judgment in defendant's favor. The case is stated in the opinion.

For the appellant, there was a brief by *J. T. & Geo. Mills*, and oral argument by *J. T. Mills*.

For the respondent, there was a brief by *Thomas & Fuller*, and oral argument by *Mr. Thomas*.

TAYLOR, J. This action was brought by the plaintiff and appellant to recover damages for injuries received by her in being thrown from a wagon while driving along one of the highways in said town. She alleges that she was so thrown from the wagon by reason of the insufficiency and want of repair of said highway. The defense was, that the highway was not out of repair, and that the injury occurred from the negligence and carelessness of the plaintiff in driving along said highway, and not by reason of any defects in the same.

Upon the trial, the evidence was conflicting as to the exact condition of the highway at the place where the accident happened, and also as to the fact whether the plaintiff was driving carefully at the time of the happening of such accident. The jury found a verdict for the defendant. The plaintiff appeals, and assigns as error that the court improperly permitted one of the witnesses on the part of the defense to answer the following question: "If a person, driving from the West Prairie road down this hill on the 16th of November, 1877, should drive in a careful manner, as you would ordinarily drive on ordinary roads, would there be any danger of an accident in consequence of this road?" The plaintiff objected to the question; the court overruled the objections; plaintiff excepted; and the witness answered: "I should judge it would go safely."

The evidence of this witness showed that he was sheriff of the county, and had driven over this road very often, and on the morning of the 16th of November, 1877, the day the ac-

Mellor, by Guardian ad litem, vs. The Town of Union.

cident happened; and that the place mentioned in the question was the same place where the plaintiff claimed the road was out of repair, and where the accident which resulted in her injury happened. He also gave a description of the road at this place, in his evidence.

It is urged that it was error to permit this witness to give his opinion whether a person driving in a careful manner, as he ordinarily drove, along this road, would be in danger of an accident in consequence of the condition of the road at that place. It seems to us very clear that the question should not have been allowed. The question involved all the issues in the case; whether the road was in a reasonable state of repair, and whether the plaintiff was in the exercise of ordinary care in driving over the same at the time the injury occurred. The answer called for was the answer which the jury were required to give as between the parties. The answer said to the jury that the road was in such condition that if the person driving over the same exercised the ordinary care which every person should exercise in driving along such highway, there would have been no accident.

It was calling for the opinion of the witness upon both the material questions in the case. It was the same as though the witness had been asked: "Was the road in a sufficient state of repair?" and, second, "Would the plaintiff have been injured had she exercised ordinary care in driving along such highway?"

The answers to these interrogatories were clearly for the jury, and not for the witnesses. The witnesses are to state the facts which support the issues, and the jury are to draw the conclusions from the facts proven.

That the opinion of the witness upon these questions was clearly inadmissible, is affirmed by this court in the following cases: *Kelley v. Town of Fond du Lac*, 31 Wis., 179-185; *Griffin v. Town of Willow*, 43 Wis., 509; *Benedict v. City of Fond du Lac*, 44 Wis., 495; *Olesen v. Tolford et al.*,

37 Wis., 327. See, also, *Ryerson v. Abington*, 102 Mass., 531; *Wood v. Railway Co.*, 40 Wis., 582; *Churchill v. Price*, 44 Wis., 542.

The learned counsel for the respondent does not undertake to uphold the ruling of the circuit court in admitting this evidence, upon principle, but argues that it was offered and admitted as a counterbalance to evidence of a similar character which was offered by and received without objection in behalf of the plaintiff on the trial. After a careful examination of the bill of exceptions, we do not find any facts which justify this claim on the part of the respondent; nor are we prepared to hold that, if the claim made by the learned counsel were supported by the record, it would cure the error. We are not aware of any well-established rules by which this court can determine when the errors committed in favor of the one party shall exactly counterbalance those committed in favor of the other, and thereby render all harmless. The admission of the evidence objected to was an error; and, in a case like the one at bar, where the evidence to sustain the issues was conflicting, and where the jury must necessarily weigh the evidence carefully to ascertain on which side it preponderated, we cannot say that such error did not prejudice the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.