ROBINSON, Appellant, vs. THE TOWN OF WAUPACA, Respondent.

*September 25 — October 14, 1890.*

*Defective highway: Personal injuries: Evidence: Immaterial error: Inadequacy of damages.*

1. In an action against a town for personal injuries caused by a defective highway, an error in allowing witnesses to testify that in their opinion the dog-cart in which the plaintiff was riding was unsafe, is *held* immaterial, the jury having found for the plaintiff.

2. A verdict awarding damages for personal injuries will not be set aside on the ground that such damages are inadequate, unless they are so disproportionate to the injuries that the jury must have been influenced by a perverted judgment. A verdict for $167 in this case is not disturbed.

APPEAL from the Circuit Court for *Waupaca* County.

This is an action to recover damages for personal injuries to the plaintiff, alleged to have been caused by a defective highway in the defendant town.

On June 6, 1886, the plaintiff was riding with her husband on such highway in a vehicle on two wheels, called a "dog-cart," drawn by one horse then being driven by her husband. When the horse was walking briskly, one wheel of the cart struck a stone a few inches high, firmly fixed in the ground and extending from the side of the traveled track to within three or four inches of one of the wagon

ruts in the track; and by reason of the concussion plaintiff was thrown from the cart and received the injuries complained of.

On the trial of the cause, the court allowed witnesses for the defendant to testify, against objection by the plaintiff, that in their opinion carts like the one in which plaintiff was riding at the time she was injured are unsafe for the use of two persons riding over ordinary country roads.

The trial resulted in a verdict for the plaintiff, assessing her damages at $167. The plaintiff moved for a new trial, mainly on the ground that the damages so assessed are inadequate to compensate her for the injury she proved she sustained. The motion was denied, and judgment was thereupon entered for the plaintiff, pursuant to the verdict, from which judgment she appeals to this court.

For the appellant there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

*Myron Reed,* for the respondent.

LYON, J. Counsel for plaintiff claims a reversal of the judgment on two grounds. These are that the court erred in allowing witnesses for the town to testify that in their opinion the cart in which the plaintiff was riding was unsafe for the use of two persons riding together in it on ordinary country roads, and that the damages awarded the plaintiff are grossly inadequate to compensate her for the injuries she received.

1. Undoubtedly it was error to admit testimony of the opinions of witnesses that the cart was thus unsafe. That was a question for the jury, upon all the facts in the case. This court so held in *Kelley v. Fond du Lac,* 31 Wis. 179; *Oleson v. Tolford,* 37 Wis. 327; *Griffin v. Willow,* 43 Wis. 509; and other cases. But the jury found for the plaintiff, and in order to do so they must necessarily have found

that the cart was a proper vehicle to be used by the plaintiff and her husband at the place where she was injured. Hence the testimony thus erroneously admitted did not prejudice or harm the plaintiff, and the error in admitting it is not sufficient ground for reversing the judgment.

2. Were the damages which the jury awarded the plaintiff so inadequate to compensate her for the injuries she sustained that it was the duty of the circuit court to set aside the verdict for that reason? That the court may, and in a proper case should, set aside a verdict for inadequacy of damages and award a new trial, is not questioned. This court so held in *Emmons v. Sheldon*, 26 Wis. 648, and *Whitney v. Milwaukee*, 65 Wis. 409. But, to justify the interference of the court with the verdict, it must appear from the testimony that the damages awarded are so grossly disproportionate to the injury that in awarding them the jury must have been influenced by a perverted judgment. The court was able thus to characterize the verdict in *Emmons v. Sheldon*, for the damages there awarded were but $5 (which charged the plaintiff with the costs of the action), although it was proved that the plaintiff suffered a most serious bodily injury. There seems to have been no controversy as to the extent of such injury. And so in *Whitney v. Milwaukee*, the undisputed evidence proved that the plaintiff was so seriously injured that the damages awarded by the jury therefor were grossly inadequate compensation, and so small that the plaintiff was chargeable with the costs, which exceeded the damages awarded. This court was able to say that the verdict was perverse, and that (quoting from the opinion delivered by Mr. Justice Orton) "such a verdict is trifling with a case in court and public justice, and unworthy of twelve good and lawful men, and is justly calculated to cast odium on the jury system and jury trials."

We adhere to the rule established in those cases. Hence the question is, Does the testimony bring this case within the rule? In the consideration of this question we must assume that the jury found every fact going to mitigate or reduce the damages which they could properly find from the proofs. The testimony tends to show that the plaintiff was to some extent an invalid before she was injured, and that the pain and disability she has suffered since the injury should, in part at least, be attributed to previous ill health. Then the circumstances of the injury and her condition presently thereafter tend to show that the injury was not so severe as claimed. There is considerable testimony of the above character, and we think it sufficient materially to mitigate her claim for damages. Under the testimony, therefore, there is a wide margin for the jury in assessing damages. Probably a verdict for a much larger sum could have been held not excessive. Perhaps, if the plaintiff's testimony as to the extent of her injuries stood alone, it ought to be held that the damages are inadequate. But in view of all the testimony, and of the fact that the verdict has successfully passed the scrutiny of the learned circuit judge, we do not feel warranted in saying that it is a perverse verdict. Hence, although we might have been better satisfied had a somewhat greater sum been awarded, we are not at liberty to disturb the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.