RINDSKOPF, Respondent, vs. MYERS, Appellant.

*October 3 — October 14, 1890.*

*Debtor and creditor: Fraudulent conveyance: Evidence: Opinions: Reversal of judgment.*

The question being whether a sale of chattels was fraudulent as to the
vendor's creditors, the opinion of a witness who was present and
assisted in making the sale, as to the honesty or dishonesty of the
transaction, is inadmissible; and the admission of such opinion is
a material error, even though all the facts relating to the sale were
before the jury.

APPEAL from the Circuit Court for *Wood* County.

Action for the wrongful conversion of chattels. The
facts will sufficiently appear from the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*James O'Neill,* attorney, and *F. C. Winkler,* of counsel,
for the appellant, argued, among other things, that a witness
cannot testify as to the intentions of another, but must
speak from *facts* within his own knowledge, and not the
inferences that he may draw from the facts or circumstances
known to him. Bump, Fraud. Conv. 553; *Peake v. Stout,* 8
Ala. 647. The debtor may testify as to his own intent.
*Forbes v. Waller,* 25 N. Y. 430. And the purchaser as to
*his own* intent. *Bedell v. Chase,* 34 N. Y. 386. But the
opinions of parties are of very little weight, and entitled
to little consideration. *Work v. Ellis,* 50 Barb. 512.

*R. J. MacBride,* for the respondent.

TAYLOR, J. This action was brought to recover the value
of a stock of goods which the plaintiff claimed to have purchased of one Hyman Nathan. The defendant, as sheriff,
had seized the goods upon attachments issued by the creditors of Hyman Nathan, and the defense set up by the sheriff was a justification under such attachments, alleging that

the sale of said stock of goods, claimed to have been made by Nathan to the plaintiff, was fraudulent and void as to Nathan's creditors.

Several actions have grown out of this transaction between *Rindskopf* and Nathan. One case came before this court, and is reported in 71 Wis. 639. The present case, it seems, has been twice tried, resulting in a verdict for the plaintiff on both trials; but the circuit judge before whom the action was first tried set aside the verdict for the plaintiff and granted a new trial. On the second trial the plaintiff has again obtained a verdict, after a strongly contested defense made by eminent counsel. Still, after looking into the evidence in the case, we are impressed with the idea that the sale was a suspicious one, and that the evidence is not so strongly in favor of the verdict found by the jury as would justify this court in affirming the judgment if any errors were committed on the trial which might tend to prejudice the rights of the appellant. Without further considering the merits of the plaintiff's case, or of the defense of the defendant, we shall proceed to the consideration of the exceptions taken to certain evidence admitted on behalf of the plaintiff against the objection of the defendant, and as we have come to the conclusion that the judgment under the circumstances of this case, because of the error in admitting such evidence, must be reversed, we shall not pass upon many other points in the case which have been very ably discussed in this court by the learned counsel for the respective parties.

Louis Rindskopf, a brother of the plaintiff, who, as the evidence tends to show, negotiated the sale from Nathan to the plaintiff, and who, it seems, furnished all the money that was claimed to have been paid to Nathan for the stock of goods, was a witness on behalf of the plaintiff. His testimony was taken by deposition, and among the interrogatories put to such witness were the following: " Question.

Did you know, or did you have any reason to believe, that in this transaction between your brother, *Elias Rindskopf*, and Hyman Nathan, on the sale of the stock of goods at Neillsville, of any intent, either on the part of your brother, *Elias*, or on the part of Hyman Nathan, to cheat, hinder, or defraud the creditors of Hyman Nathan, or any or either of them? Q. Was the transaction, so far as you know, a straight, honest business transaction between your brother, *Elias*, and Hyman Nathan?" These questions were objected to by the defendant as incompetent. The court overruled the objections, and the witness answered the first question, " I did not; " and the second, " I have considered it as such. I wouldn't have given him the money."

Considering the relations of the witness, Louis Rindskopf, to this transaction between Nathan and the plaintiff, the fact that Louis was present, and the active agent of both parties, and knew all that took place in regard to the negotiations and sale, and furnished most, if not all, the money which it is claimed was paid by the plaintiff to Nathan for the stock of goods, it appears to us that it was clearly error to permit him to testify in a general way that the trade was in his opinion a fair and honest business transaction. The questions called for the opinion of the witness upon the whole transaction, as to its honesty or dishonesty. We think the honesty or dishonesty of a sale and purchase of goods, when the sale is attacked as fraudulent as to the creditors of the vendor, is pre-eminently a question of fact to be found by the court or jury trying the case. It is in no way a question for experts, and cannot be established by the opinion of the witnesses who were present and assisted in making the sale. What the witness' opinion is based on is not disclosed by the testimony, and it may have been based upon facts which, if disclosed to the court or jury, would have led to an entirely different opinion on the part of the jury or court.

It seems to us that the questions were clearly objectionable, as calling for the opinion of the witness upon a vital point in the plaintiff's case, and in regard to a matter which does not call for expert testimony. *Kelley v. Fond du Lac*, 31 Wis. 179; *Mellor v. Utica*, 48 Wis. 457, and cases cited in the opinion on pages 459, 460; *Conner v. Stanley*, 67 Cal. 315; *Blaut v. Gabler*, 8 Daly, 48; *Walker v. Walker's Ex'r*, 34 Ala. 469.

But it is urged that, although the questions and answers were strictly incompetent, still the judgment ought not to be reversed for that cause. It is said that the jury were possessed of all the facts in the case as disclosed by a thorough examination of this witness as to all that took place at the time of this sale, and of all the knowledge that the witness had in regard to it, and so they could tell whether his opinion in regard to the sale was sound or otherwise, and that consequently the defendant could not be prejudiced by permitting the witness to declare his opinion of the matter under oath as a witness in the case. We are not aware that this argument has ever been allowed to prevail to cure an error of this nature. Neither this court nor any other court is able to say that the opinion of this witness, given to the jury under the sanction of an oath, did not weigh with them in coming to a conclusion that the transaction was an honest one, so far as the plaintiff was concerned. This is not the case of admitting evidence which is irrelevant and immaterial, and when the testimony has no real probative force in proving or disproving the issues in the case, and so may be disregarded by the appellate court when the verdict of the jury is supported by the other evidence in the case. The questions in this case are directed to the vital point in issue, and the court having decided that the witness might give his opinion on that point, the jury would necessarily understand that such opinion was competent evidence to establish the truth or falsity of the

claim of the defendant that the sale was a fraudulent one. The court having committed an error in allowing this evidence to be given on the part of the plaintiff, the judgment must be reversed for that cause.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.