DALY, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*June 6 — July 3, 1899.*

*Expert testimony: Ultimate facts: Proximate cause: Instructions to jury: Harmless error.*

1. It is well settled in this state that opinions of witnesses relating to matters of science, art, or skill in some particular calling are admissible in evidence, and are not objectionable because they cover one of the ultimate facts to be determined by the jury.

2. In an action to recover for injuries sustained by plaintiff, who had been injured by the explosion of a cast-iron elbow attached to a steam boiler, an instruction to the jury that "I consider it my duty to say to you, if you answer the fourth question that it [the cast-iron elbow] was dangerous, you should also answer this question that it was the proximate cause of the plaintiff's injuries. No other cause has been assigned or suggested. Proximate cause means immediate cause. a cause the result of which should have been reasonably anticipated and apprehended in advance," is not a material error, no other cause being present and the defect in the elbow being found by the jury to be obvious.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Carl Runge*, city attorney, and *C. H. Hamilton*, of counsel, and oral argument by *Mr. Hamilton*.

*J. H. Stover*, for the respondent.

CASSODAY, C. J.    This is an action to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant as a fireman when the explosion of the cast-iron elbow took place, and which has just been fully considered in the case of *Innes v. Milwaukee, ante*, p. 582. On the trial the plaintiff recovered a verdict for $3,000, and from judgment entered thereon the defendant brings this appeal.

It is conceded that the plaintiff, as such fireman, was injured by the same explosion. The conclusion reached in the other case makes it necessary to overrule most of the errors assigned in this case. Others only will be considered. Error is assigned because the plaintiff's expert witnesses were allowed to state their opinions as to whether the cast-iron elbow in question was obviously safe or unsafe. Counsel contend that that was one of the ultimate facts for the jury to determine, and hence was improperly submitted to the witness. In support of such contention, counsel rely upon

a case in New York,— *Harley v. Buffalo C. Mfg. Co.* 142 N. Y. 31, 38. It is well settled in this state that "the opinions of witnesses, which do not relate to matters of science, art, or skill in some particular matter or department of business, are not admissible in evidence." *Luning v. State,* 2 Pin. 215; *Benedict v. Fond du Lac,* 44 Wis. 495; *Mellor v. Utica,* 48 Wis. 457; *Yanke v. State,* 51 Wis. 464; *Knoll v. State,* 55 Wis. 249; *Baker v. Madison,* 62 Wis. 137; *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447. So it seems to be well settled that the opinions of witnesses which do relate to matters of science, art, or skill in some particular calling are admissible in evidence. *Cole v. Clarke,* 3 Wis. 323; *Wright v. Hardy,* 22 Wis. 348; *Salvo v. Duncan,* 49 Wis. 151; *Quinn v. Higgins,* 63 Wis. 669; *Gates v. Fleischer,* 67 Wis. 504; *Smalley v. Appleton,* 75 Wis. 18; *Stanwick v. Butler-Ryan Co.* 93 Wis. 430. See, also, *Lang v. Terry,* 163 Mass. 138; *Betts v. C., R. I. & P. R. Co.* 26 L. R. A. (Iowa), 248. Of course, such opinions must be based upon proper questions; but they are not objectionable merely because they cover one of the ultimate facts to be determined by the jury. As stated by Mr. Justice MARSHALL in a recent case: "Where evidentiary facts, upon which the fact in issue depends, are in dispute, opinion evidence as to the ultimate fact must be given upon a hypothetical case. . . . The rule is that experts are not to decide issues of fact; hence all questions calling for opinion evidence must be so framed as not to pass upon the credibility of any other evidence in the case, else it will usurp the province of the jury or the court." *Maitland v. Gilbert P. Co.* 97 Wis. 484. The opinions of the experts in the case at bar appear to have been based upon proper questions and were properly received in evidence.

Error is assigned because the court charged the jury that: "I consider it my duty to say to you, if you answer the fourth question that it [the cast-iron elbow] was dangerous, you should also answer this question that it was the proxi-

State ex rel. Fourth Nat. Bank of Philadelphia and others vs. Johnson.

mate cause of the plaintiff's injury. No other cause has been assigned or suggested. Proximate cause means immediate cause, a cause the result of which should have been reasonably anticipated and apprehended in advance." This portion of the charge is not referred to because it was reversible error, but because, if passed by in silence, it might mislead in other cases. The reason why it was harmless error is that there was no other cause present, and the defect was found by the jury to be obvious as stated. The question of proximate cause has been so often and so recently considered by this court as not to require further discussion.

*By the Court.*— The judgment of the circuit court is affirmed.

Marshall, J., dissents.