JOHNSON, Respondent, vs. TOWN OF HIGHLAND, Appellant.

*March 18—April 5, 1905.*

*Highways: Insufficiency: Injury to traction engine: Duty of town: Court and jury: Contributory negligence: Opinion evidence.*

1. It is the duty of a town to construct and maintain its highways so that they will be reasonably safe for public travel by traction engines such as are in use in that part of the country.
2. In an action against a town for injuries to a traction engine, alleged to have been caused by defects in a highway, the question as to the insufficiency of the highway, and the question of contributory negligence on the part of plaintiff or his employee who was steering the engine, are *held* to have been for the jury.
3. In an action against a town for injuries to a traction engine which ran off the roadway and down a bank, the question whether plaintiff's employee was negligent in steering the engine being one of the ultimate questions for the jury to determine, it was error to permit plaintiff to testify that in his opinion the employee had the necessary knowledge and ability to safely steer a traction engine.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

This action was commenced before a justice of the peace to recover damages for injuries to the plaintiff's traction engine caused by the alleged insufficiency and want of repair of the public highway in question. Issue being joined and trial had, judgment was rendered in favor of the defendant before the justice. The plaintiff appealed to the circuit court, where the cause was retried *de novo;* and at the close of the trial a verdict was returned in favor of the plaintiff and his damages assessed at $100. From the judgment entered thereon for the amount stated and costs, the defendant appeals.

The giving of the requisite notices is admitted, and the amount of damages sustained is conceded to be as found by the jury. There is evidence tending to prove that at the time of the accident the traction engine was being driven in a southwesterly direction; that the road was dug out of the hillside, and the dirt was thrown down over the lower side; that there was quite a steep hill rising on the left or easterly side of the road; that lengthwise the highway was nearly level and about eight feet wide at the place of the accident, and for about two or three rods and further back it was wider; that at the foot of the little hill it was wide enough for teams to pass; that the hind wheels of the traction engine were seven feet one and a half inches in width and four feet seven and a half inches in diameter; that the diameter of the front wheels was three feet three inches, and the track made by them was four feet three inches; that from the center of the hind wheels to the center of the front wheels, when the engine was straight, was seven feet, and then the front wheels were nine and a half inches from the rub iron on the boiler; that in turning around it takes twelve turns of the steering wheel to cramp the front wheel to a point half an inch from the rub iron. At the time of the accident the plaintiff was riding on the left or uphill side

of the engine, and his employee, Buttress, was riding on the right or downhill side of the engine, and steering the same.

Among other things, the plaintiff testified to the effect that they came along to the place of the accident at a slow gait, like a team would walk—he watching the upper side and Buttress the lower side; that just as they got down the hill, onto the level, and were turning the curve there was a kind of steep bank below, and Buttress was crowding the bank on the left-hand side, when the plaintiff noticed a rock sticking out of the bank, and so he told Buttress to "turn down," and he did turn down, and the front wheel got over the bank; that the road was not wide enough, and so the engine got down over the bank, which gave way, and Buttress could not get it back; that he did not know the size of the rock; that it was imbedded in the bank, with a sharp corner sticking out; that they did not run over the rock, but were up on the bank as far as they dared to go; that the engine rolled over once and a half below.

Among other things, Buttress testified to the effect that he had run the engine for three years before the accident, and understood steering it; that it was steered with a crank or roller; that turning the crank turned the front wheels, by means of two chains on each side; that the plaintiff told him to turn it down and he did turn it down, and the front wheels went over the bank; that at that time the left hind wheel was running up against the bank on one side, to keep from going over on the other side; that he saw the rock afterwards; that he did not know how far the engine was from the rock when it went off the bank, but it was not many feet; that he tried to get the front wheels back onto the bank, but he could not do so, and when the hind wheel struck the bank it gave way and the engine tipped over.

*L. H. Bancroft,* for the appellant.

For the respondent there was a brief by *Smelker & Smelker,* and oral argument by *J. P. Smelker.*

Cassoday, C. J. 1. The propelling of steam engines upon the public highways of the respective towns in this state has for twenty years been regulated by the statutes. Ch. 175, Laws of 1885; ch. 509, Laws of 1889; ch. 367, Laws of 1891; sec. 1347b, Stats. 1898; ch. 197, Laws of 1899; ch. 424, Laws of 1903. Such statutes impliedly justify the use of such public highways and bridges by traction engines, without liability on the part of the owners, so long as they comply with the requirements of such statutes. *Walker v. Ontario,* 111 Wis. 113, 86 N. W. 566. In that case it was held, in effect, that the proper authorities were under obligation to keep up their highways and bridges to a standard of usefulness and safety sufficient for such use. Id. It follows that there was no error in charging the jury that it was the duty of the town to construct and maintain its highways in a reasonably safe condition for public travel by traction engines such as were in use in that part of the country, as well as by wagons and other vehicles. The question as to the insufficiency of the highway at the time and place in question seems to have been properly submitted to the jury, and the verdict in that regard is sustained by the evidence. *Slivitski v. Wien,* 93 Wis. 460, 67 N. W. 730.

2. Nor can we hold, as a matter of law, upon the facts mentioned in the foregoing statement, that the plaintiff or his employee, Buttress, who was steering the engine at the time of the accident, was guilty of contributory negligence. *Gerrard v. La Crosse C. R. Co.* 113 Wis. 258, 265, 89 N. W. 125.

3. Error is assigned because the plaintiff was permitted to testify and give his opinion as to whether Buttress had the necessary knowledge and ability to safely steer a traction engine. It is well settled that "the opinions of witnesses, which do not relate to matters of science, art, or skill in some particular matter or department of business, are

not admissible in evidence." *Luning v. State,* 2 Pin. 215; *Oleson v. Tolford,* 37 Wis. 327; *Robinson v. Waupaca,* 77 Wis. 544, 46 N. W. 809; *Daly v. Milwaukee,* 103 Wis. 588, 590, 79 N. W. 752.

"The rule is that experts are not to decide issues of fact; hence all questions calling for opinion evidence must be so framed as not to pass upon the credibility of any other evidence in the case, else it will usurp the province of the jury or the court." Jones, Evidence, § 374, and cases cited; *Maitland v. Gilbert P. Co.* 97 Wis. 476, 484, 72 N. W. 1124; *Lounsbury v. Davis, ante,* p. 432, 102 N. W. 941.

So: "Where evidentiary facts, upon which the fact in issue depends, are in dispute, opinion evidence as to the ultimate fact must be given upon a hypothetical case." *Maitland v. Gilbert Paper Co., supra,* and *Daly v. Milwaukee, supra.*

The facts are undisputed. The engine ran off the dugway because Buttress, in obedience to the direction of the plaintiff, as mentioned, turned down the steering wheel so far that he could not prevent the engine from going over the bank. Whether such conduct of Buttress was or was not negligence was one of the ultimate facts to be determined by the jury. To allow improper opinion evidence on that question would certainly tend to mislead the jury.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.