BENSON, Respondent, vs. SUPERIOR MANUFACTURING COM-
PANY, Appellant.

*September 13—October 3, 1911.*

*Master and servant: Negligence: Injury to servant: Defective ma-
chinery: Contributory negligence: Questions for jury: Evi-
dence: Common use of similar appliances: Opinions: Instruc-
tions to jury: Damages.*

1. In an action for personal injuries to an employee, engaged in
   unloading stone from the hold of a vessel, caused by the bail
   of a bucket and the latch attached thereto dropping down and
   striking his leg, the evidence is *held* to warrant a verdict to
   the effect that defendant was negligent in furnishing, as part
   of the hoisting apparatus, a hook with a locking device, which,
   even though a perfect appliance in itself, was not reasonably
   safe when used in connection with the bucket in question, for
   the reason that it was calculated to mislead employees by an
   appearance of safety and yet, because it did not fit the staple
   on the bail of that bucket, was liable to release itself from
   such staple when the cable was slacked.

2. Contributory negligence was not shown as matter of law by the
   fact that the bucket had been so placed under the deck that
   when hoisted it would not clear the coaming of the hatchway,
   even though plaintiff had had much experience in unloading
   vessels, there being evidence that the work was being done in
   the usual and ordinary way and that plaintiff did not know
   that any instruction had been given as to the manner of plac-
   ing the buckets.

3. Testimony that appliances similar to those in question were in
   general use by other employers of ordinary care in the same
   business was properly excluded, both because, by reason of his
   limited knowledge on the subject, the witness was not compe-
   tent to give such testimony, and because it was immaterial, in
   that it did not go to the real question in the case, which was
   whether employers of ordinary care in the same kind of busi-
   ness used hooks with locking devices which, notwithstanding
   such devices, would drop out of the staples in the buckets in
   connection with which they were used.

4. Opinion evidence that the hook in question was safer than the
   open hook which was ordinarily used in such work, that it was
   a suitable hook for the purpose for which it was used, that it
   was a reasonably safe appliance, and that it was considered a

standard hook, was also immaterial, since there was nothing to show any defect in the hook except when used in connection with the staple which it did not fit.

5. Opinions not based on any hypothetical statement of facts, but directed to and passing upon the very questions which are to be submitted to the jury, are not admissible in evidence.

6. Opinions as to matters of fact which may be testified to directly or shown by actual demonstration—in this case whether the hook in question, when locked, could be removed from the staple—are not admissible.

7. In an action for a permanent personal injury, an instruction permitting the jury to award damages to compensate plaintiff for the resulting "deprivation of the pleasures of life" was not erroneous, but the use of that phrase is not to be commended.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The defendant is a corporation doing business in the city of Superior and is engaged in the manufacturing of lime and other building materials, and in the conduct of its business uses and maintains a dock on the Bay of Superior in said city, at which dock steamboats are moored and cargoes of stone unloaded therefrom.

The equipment in use for the unloading of said stone consists of two hoisting rigs or towers about seventy feet high in which machinery operated by steam is located. From this tower a movable arm or boom extends out to a position over the hatch of the vessel, and along this are run steel wire cables, the ends of which are attached to revolving drums in the hoisting tower, and by means of this cable the buckets for conveying the stone are lowered into the hold of the vessel and when filled taken therefrom and conveyed to the dock. To the outer loop of this cable is a sheave block or pulley, and below that is a heavy cast steel hook with a locking device thereon by which the cable is hooked onto the bucket through a staple in the top of the bail. The buckets used are of steel, weighing about 800 pounds, shaped somewhat like the ordinary house coal scuttle, with a loose or swinging bail attached to the bucket at the sides and a little back of the center, so

that when the bucket is full the heavier part is forward of the bail. When loaded it is kept in an upright position by means of a steel device known as a "back-latch," which is hinged to the top of the bail and extends down to and against the top of the bucket on the inside. This arrangement prevents the bucket when loaded from tipping forward. On either side of the bucket near the top and just forward of the bail when in an upright position are small steel projections or shoulders called "lugs," so located as to prevent the bail from tipping forward or the bucket tipping backward when loaded and being hoisted. By means of a pin or dumper forward of the bail and at the top of the back-latch lever, the bucket is automatically dumped when over the hopper at the top of the dock and is then righted and sent back for reloading. The cable is then detached from the bail of the empty bucket and hooked into the bail of the filled one. A signal is given to a man on the deck called the "hatch tender," who in turn signals to the man in the hoisting tower. Plaintiff contended that the locking device on the hook, in connection with the staple which attached to the bail of the bucket, was defective, in that the device when closed left an opening through which the staple might escape, and through which it did escape on this occasion.

The complaint alleges that on September 17, 1910, the plaintiff was in the employ of the defendant company unloading stone from the hold of a vessel at defendant's dock; that in the performance of his duties he was required to assist in filling buckets with stone as they were lowered into the hatchways; that a bucket had been filled, and while being hoisted from the hold came in contact with the coaming on the side of the hatch, and that it was necessary to again lower the bucket to the bottom, where it rested upon the stone; that by reason of the defective condition of the appliance by which the cable was fastened to the bail of the bucket the bail and back-latch dropped over and struck the plaintiff upon the leg and foot, as a result of which he suffered injuries of a perma-

nent and serious character, and this action is brought to re-cover damages therefor.

The answer denies all liability on the part of the defendant, alleges carelessness and negligence on the part of the plaintiff and assumption of risk by him, and puts in issue all the material allegations of the complaint. The jury returned a verdict for the plaintiff for the sum of $1,500, and on such verdict judgment was entered in favor of the plaintiff and against the defendant, from which judgment defendant appeals.

*W. M. Steele,* for the appellant, to the point that evidence of the general or common use of like or similar appliances by other employers in like or similar business in the exercise of ordinary care is competent on the question of the degree of care exercised by a defendant in providing such appliances in a given case, and is a defense, cited *Innes v. Milwaukee,* 96 Wis. 170, 173; *Osborne v. Lehigh Valley C. Co.* 97 Wis. 27, 30; *Kreider v. Wis. River P. & P. Co.* 110 Wis. 645; *Jensen v. Hudson S. Co.* 98 Wis. 73; *Boyce v. Wilbur L. Co.* 119 Wis. 642, 646; *Rylander v. Laursen,* 124 Wis. 2, 5, 6; *Yazdzewski v. Barker,* 131 Wis. 494; *West v. Bayfield M. Co.* 144 Wis. 106; *Willette v. Rhinelander P. Co.* 145 Wis. 537; *Jensen v. Wis. Cent. R. Co.* 145 Wis. 326; *Geno v. Fall Mountain P. Co.* 68 Vt. 568, 571; *Monsen v. Crane,* 99 Minn. 186.

*W. P. Crawford,* for the respondent.

BARNES, J. Forty-five errors are assigned by the appellant in this case. While a number of them are grouped and argued together, still the array is quite formidable, at least as to numbers. We shall discuss such of the errors relied on as we think merit notice. The fact that many of them will be passed over without discussion does not indicate that they were not considered, but only that their discussion would not be beneficial.

The first error argued is that the evidence fails to show any

negligence on the part of the defendant. The hook used in hoisting the buckets of stone at the time of the accident was patterned after a hook manufactured in Milwaukee. The bucket in use was manufactured by a different manufacturer. This is an important fact in the case, because if the hook is considered as a separate and distinct appliance there was not a particle of evidence to show that it was not perfect in every particular. So, too, if we consider the bucket, its handle and the staple therein, and the locking device to hold the handle in place, apart and aside from the hook, there is nothing to show that the appliance as a whole, or any of its component parts, was defective or out of repair. This conclusion eliminates a number of the errors complained of. If the defendant was negligent it was because it assembled two incongruous articles—two misfits—to make a single appliance. The hook was evidently intended to lock so that it could not drop out of or be removed from the staple in which it was inserted without opening the locking device. There was evidence from which the jury might find that the staple of the bucket was so small that the hook would slip out when the jaw or projection which constituted the locking device was in place and as close as it could be set to the point of the hook opposite thereto. Stated in another way, the jury might find that either a hook was used which was too large or a staple which was too small. Either appliance would be perfect if used in connection with another which it fitted. It may well be, as argued by the appellant, that it would not be negligence on the part of the master to use the open hook formerly in use. This question is not before us for decision. It is also true that the hook in use was less liable to release itself from the staple when the cable was slacked than an open hook. There was, however, this difference between the use of the two hooks: It would be perfectly obvious to an employee that the open hook would ordinarily drop out of the staple when the cable to which it was attached was slacked, while it would at least require a careful and criti-

cal examination of the hook and staple that were in use to ascertain that the hook might slip through the staple without the locking device being released. An employee might well assume that so long as the locking device remained in place the hook could not become detached from the staple. The hook and the bucket considered together constituted an appliance which to all appearances was safe, but one that was not so in fact. The locking device was calculated to mislead an employee. We think it was within the province of the jury to say that the appliance so furnished was not a reasonably safe one. While this specific item of negligence is not very definitely charged in the complaint, that document liberally construed is broad enough to include it, and it was submitted to the jury. This disposes of the contention that the evidence was insufficient to warrant the jury in finding negligence on the part of the defendant.

It is urged that plaintiff was guilty of contributory negligence in that he and his fellow-workmen chose an obviously dangerous method of doing their work when they might have pursued a safe one and were in fact instructed so to do. The alleged negligence consisted in their placing the bucket under the decking so that it would not clear the coaming of the hatchway when the bucket was being hoisted. The evidence negatives the claim that plaintiff knew that any instructions were given as to the manner of placing the buckets, and the evidence was ample to show that the work was being done in the usual, ordinary, and customary way at the time of the accident. This court would not be warranted in holding as a matter of law that the plaintiff was guilty of contributory negligence, notwithstanding the fact that he had plenty of experience in unloading boats during preceding years when open hooks were used.

Error is assigned because the witness Speakes was not permitted to testify that the back-latch and dumping device on the bucket were devices used by other employers of ordinary

care in the same line of business, and in refusing to permit
the same witness to testify that the hook was in common use
by other employers in the same kind of business and was con-
sidered suitable for the purpose, and in refusing to permit the
witness to testify that various captains and engineers of boats
advised him of places where the hook was being used, as well
as some other testimony of like general character.

Presumably the court sustained the objection to this testi-
mony on the ground that the witness did not show himself com-
petent to testify by reason of the limited knowledge which he
had in reference to the appliances that were in general use by
employers engaged in a like business.    The witness showed a
very limited knowledge of the use of the appliances concerning
which he was asked to testify, and the court did not err in ex-
cluding the evidence.    It is quite apparent that the testimony
was immaterial in any event, as it did not go to the real ques-
tion in the case, which was whether employers of ordinary care
in the same kind of business generally used hooks with locking
devices that would drop out of the staples in the buckets in con-
nection with which they were used notwithstanding such lock-
ing device.

Error is also assigned because the court refused to permit a
witness for the defendant to testify as an expert that in his
opinion (1) the hook used was safer than the open hook, the
one in ordinary use; (2) that the hook in use was a suitable
hook for the purpose for which it was used; (3) that the hook
was a reasonably suitable device to use to connect the cable
with the bucket; (4) that the hook was a reasonably safe ap-
pliance.    Also in refusing to permit witnesses to testify that
the hook was considered a standard one among coal-dock oper-
ators; that the manufacturers of the "Hunt" hook were promi-
nent manufacturers of hoisting devices; and that the latching
device on the bucket was reasonably safe.

The court excluded the testimony on the ground, as we are
advised, that the witnesses were being asked as to ultimate

facts to be determined by the jury. There are numerous cases which hold that such questions cannot properly be put to a non-expert witness. *Kelley v. Fond du Lac,* 31 Wis. 179; *Montgomery v. Scott,* 34 Wis. 338; *Oleson v. Tolford,* 37 Wis. 327; *Draper v. Ironton,* 42 Wis. 696; *Griffin v. Willow,* 43 Wis. 509; *Benedict v. Fond du Lac,* 44 Wis. 495; *Mellor v. Utica,* 48 Wis. 457, 4 N. W. 655; *Lawson v. C., St. P., M. & O. R. Co.* 64 Wis. 447, 24 N. W. 618; *Robinson v. Waupaca,* 77 Wis. 544, 46 N. W. 809; *Lounsbury v. Davis,* 124 Wis. 432, 102 N. W. 941; *Johnson v. Highland,* 124 Wis. 597, 102 N. W. 1085. The following cases hold that expert evidence which covers the ultimate fact to be decided by the jury and which is not based on a hypothetical case is not competent: *Baker v. Madison,* 62 Wis. 137, 22 N. W. 141, 583; *Maitland v. Gilbert P. Co.* 97 Wis. 476, 72 N. W. 1124. It is also held that opinion evidence as to the ultimate fact may be given by experts in regard to matters of science, art, or skill in some particular calling when based on a hypothetical question made up of facts that are not in dispute. *Maitland v. Gilbert P. Co.* 97 Wis. 476, 484, 72 N. W. 1124; *Green v. Ashland W. Co.* 101 Wis. 258, 77 N. W. 722; *Daly v. Milwaukee,* 103 Wis. 588, 79 N. W. 752; *Innes v. Milwaukee,* 103 Wis. 582, 79 N. W. 783. These cases are reviewed and their application very much limited by *Lyon v. Grand Rapids,* 121 Wis. 609, 620, 99 N. W. 311. It is there said:

"Opinion evidence must not be permitted to extend to the merits of the controversy, passing upon the very question, or one of them, to be submitted to the jury, or to go outside of the field of scientific knowledge."

It is quite clear that the evidence was properly ruled out under the authorities cited. Moreover, we have stated that there was no evidence in the case to show any defect in the latch or to show any defect in the hook, except when used in connection with another device into which it did not fit. Consequently the evidence offered was immaterial because the

offer amounted to an attempt on the part of the defendant to rebut a charge of negligence which had not been established by the plaintiff.

It is also claimed that the court erred in rejecting the testimony of Frank Hayes as an expert. It was proposed to show by Mr. Hayes that in his opinion the hook in question could not be removed from the staple of the bucket without releasing the locking device. It appeared that the vertical diameter of the staple was somewhat less than the horizontal, and it is claimed that the narrowest part of the staple could not be presented to the opening in the hook. This was a very material inquiry in the case. If the contention of the defendant was right, then no negligence on its part was shown and the plaintiff should not be permitted to recover. The hook and the bucket that were in use at the time the accident happened were in existence at the time of the trial. The hook at least was in court, and measurements of the staple were made during the progress of the trial. The question was not one which called for the expression of the opinion of any one. It would have been apparently an easy matter to demonstrate whether or not the hook could have been removed from the staple when it was locked. Any witness might make an experiment and testify to the fact as to whether the hook could be removed from the staple or not. If the witness had been asked to testify that from measurements or experiments he had made as a matter of fact the hook could not be released from the staple without releasing the locking device, it would have been error to have excluded the evidence. What was asked was the witness's opinion, and the subject was not one which called for opinion evidence.

The opening in the hook when locked was 1 1-32 inches. The staple was somewhat square, its narrowest diameter being 15-16 of an inch. The witness Hayes testified that the greatest diameter of the staple, that is measuring from corner to corner, was 1 5-16 inches. The thirty-third error as-

signed is that the court was wrong in refusing to permit Mr. Hayes to demonstrate before the jury that the dimension 1 5-16 inches of the staple in the handle of the bucket was the only dimension that could possibly be presented to the opening in the hook between the shoulder of the locking device and the point. It seems very clear to us that defendant had a right to show this fact, if such it was, by demonstration or by direct evidence of the fact. We do not understand that the court excluded any such evidence. This question was asked of the witness: "State whether or not that [the diameter of 1 5-16 inches] is the dimensions that it would be presented from any position that the bail could take from which it could slip over the point." This question was not objected to. The witness gave the indefinite reply: "To answer that exactly I should have to lay out the two together. That is, the hook in its other positions." The court then asked if that was something somebody else wouldn't know if he gave it attention. By defendant's counsel: "He gave it skilled attention." Court: "I am talking about ordinary, sensible man." Defendant's counsel: "I think it is entirely different from that." The witness: "My opinion"— Court: "Anybody can do it. Anybody can take a bail, try to experiment it in different ways. No doubt he can do it easier than the rest of us." Exception by defendant. We do not understand from the foregoing that the court ruled that Mr. Hayes or any one else might not make an actual demonstration to show that the hook when locked could not be removed from the staple or that they had made experiments and found that it could not be done. What the court evidently intended to exclude and did exclude was opinion evidence on the point, and he was right in so doing.

A number of exceptions are taken to the refusal of the court to give requested instructions.. These errors will not be considered in detail. Some of them were correct enough as abstract propositions of law, but were inapplicable to the

facts in the case, so that there was no occasion to give them. The others were properly refused because they did not correctly state the law.

There is one exception taken to the charge on the measure of damages which merits attention.  The court gave the following instruction:

"Finding for plaintiff, the jury will award him such damages as will fairly compensate him for his expense for surgical service, for such pain and suffering as he has endured to date, and for inability to earn wages, all as proximately caused by the accident in question.  Also such sum as will fairly compensate him for future pain and suffering, inability to earn wages, and the *deprivation of the pleasures of life,* all as produced by the lack of ordinary care in question on the part of defendant, if such there was, as proximate cause. And the jury, as to such future damages, must find to reasonable certainty, if they find the fact."

It is urged that so much of the instruction as permitted the jury to award damages because of the *"deprivation of the pleasures of life"* is erroneous.  Juries are frequently and correctly charged that a plaintiff in a personal injury action may be awarded damages because of *"diminished capacity for enjoying life."*  There is no substantial difference between the two phrases.  The one here used is more likely to be misunderstood than the other, and for that reason its use is not commended.  The charge was not erroneous.

*By the Court.*—Judgment affirmed.